Atlantic Inland, Inc. *v.* Township of Bensalem and Board of Supervisors of the Township of Bensalem, Appellants.

Argued September 25, 1978, before Judges Rogers, Blatt and Craig, sitting as a panel of three.

*Leslie G. Dias,* with him *Henry F. Huhn,* for appellants.

*Howard Wallner,* for appellee.

OPINION BY JUDGE BLATT, December 12, 1978:

The Township of Bensalem and its Board of Supervisors appeal here from an order of the Court of Common Pleas of Bucks County granting a preliminary injunction.

By a resolution adopted on August 1, 1973, the Township named four approved electrical inspection agencies whose certifications would be accepted by the Township building inspector. Atlantic-Inland, Inc. (Atlantic), not being among those listed, filed a suit in equity against the Township wherein it asked for compensatory and punitive damages, and it also filed a petition for a preliminary injunction. Atlantic alleged that the Township's resolution effectively excluded it from engaging in business in the Township because, while it might still make inspections, only the approved agencies' certifications would be accepted by the Township's building inspector and therefore building contractors and other persons would use only the four approved electrical inspection agencies. Atlantic also alleged that the Township's enactment of the resolution should be vacated because no rules, regulations or standards were provided for application in the determination of the approved agencies which was a denial of Atlantic's constitutional rights, and which would cause it to suffer irreparable damage. Following a hearing, the lower court granted the preliminary in-

junction, ordering in part that the Township be enjoined from interfering with Atlantic's conduct of business and from denying permits and acceptancy certificates to any person(s) based upon their failure to have obtained an electrical inspection certificate from one of the four approved agencies. The Township appealed the issuance of the injunction to the Superior Court which transferred the appeal to us. The Township has also filed a Motion to Dismiss the appeal for mootness because the resolution at issue has been repealed and because a full-time employee has now been appointed to be the sole electrical inspector for the Township. Atlantic has filed an answer maintaining that the appeal is not moot inasmuch as compensatory and punitive damages have been requested and the question of mootness was consolidated for argument with the merits of the appeal.

The law is clear that an appeal will generally be dismissed for mootness when an event occurs while the appeal is pending which renders it impossible for the requested relief to be granted. *In the Matter of Baker Nursing Home, Inc.,* 28 Pa. Commonwealth Ct. 603, 369 A.2d 1336 (1977). While the Township has repealed the resolution here at issue, however, we do not believe the case is entirely moot as a matter of law because the voluntary cessation of allegedly illegal conduct does not moot a case where the offensive conduct could be resumed upon dismissal of the proceedings. *Temple University v. Pennsylvania Department of Public Welfare,* 30 Pa. Commonwealth Ct. 595, 374 A.2d 991 (1977). In addition, a case which may be rendered moot will not be dismissed where the issues raised are of a recurring nature, capable of repeatedly avoiding review and yet are of important public interest. *Port Authority v. Division 85, Amalgamated Transit Union,* 34 Pa. Commonwealth Ct. 71, 383 A.2d

954 (1978); *Temple University v. Pennsylvania Department of Public Welfare, supra.* Moreover, Atlantic sought compensatory and punitive damages for the allegedly improper conduct and we believe that aspect of the issue is not moot. *See Sigal v. Manufacturers Light and Heat Company,* 450 Pa. 228, 299 A.2d 646 (1973). The lower court here, however, not only enjoined the Township from enforcing the resolution at issue but also ordered that electrical inspections made by Atlantic in the Township should be acceptable to the Township and to its Building Inspector as authorized inspections, and yet the new ordinance would evidently require all inspections to be conducted by its own electrician. For all of these reasons, therefore, we believe this appeal is clearly not moot.

Our scope of review in considering the action of a court of equity granting a preliminary injunction is limited to a determination as to whether or not there were any reasonable grounds for the action, and the order will be affirmed unless it is clear that no grounds existed or that erroneous or inapplicable rules of law were applied by the court. *Mudd v. Borough of Rankin,* 28 Pa. Commonwealth Ct. 33, 367 A.2d 338 (1976); *Bristol Township Education Association v. School District of Bristol Township,* 14 Pa. Commonwealth Ct. 463, 322 A.2d 767 (1974). The merits of the matter or the reasons for or against the lower court's action will not be considered, *Stryjewski v. Local Union No. 830,* 426 Pa. 512, 233 A.2d 264 (1967); *Mudd v. Borough of Rankin, supra,* nor will the merits of the complaint in equity be considered inasmuch as no appeal from a final order thereon is before us.

We found no grounds for questioning the lower court's granting of the preliminary injunction and, therefore, affirm. In view of the fact, however, that the Township, according to its pleading in its Motion

to Dismiss, has subsequently appointed and employed one person as its sole electrical inspector and that it will no longer recognize as approved any electrical inspection done by anyone else, including Atlantic, reconsideration thereof is available to the parties under Pa. R.C.P. No. 1531(c).

ORDER

And Now, this 12th day of December, 1978, the Township's Motion to Dismiss the instant appeal is hereby denied and the order of the Court of Common Pleas of Bucks County granting the preliminary injunction in the above-captioned matter is hereby affirmed.