Jack Gordon Samuels, as a Member of a Class Known as Upper Darby Township Police, Appellant *v.* Harvey Smock, Jack Felzer, J. Edmund Conroy, Louis Baldino and Peter Flamini, Appellees.

Argued October 10, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John G. McDougall*, for appellant.

*Alvin S. Ackerman*, with him *Robert J. Leitzell*, for appellees.

OPINION BY JUDGE BLATT, November 18, 1980:

The appellant, Jack Gordon Samuels, seeks review of an order of the Court of Common Pleas of Delaware County which denied class certification for his suit against the appellees, the trustees of the Upper Darby Police pension fund (trustees).

The appellant instituted litigation in March of 1977 alleging that the trustees had made unauthorized pension payments to certain retired policemen[1] and that the individual trustees, therefore, should make reimbursements, presumably to the fund, for the overpayments and also should be removed from office. The court below refused to certify this suit as a class action on the grounds that the appellant is not an adequate

---

[1] The appellant claims that the ordinance which controls pension payments allows certain ranks of police officers to work beyond the normal retirement age of sixty but that their pension benefits are to be computed as if they had retired at sixty. The appellant contends that the trustees have overpaid these officers by basing their pensions on earnings received after the age of sixty.

representative of the proposed class of all active and retired Upper Darby policemen who share an interest in the administration of the pension fund and that a class action is not "the most appropriate, fairest or efficient" method to achieve the relief sought.

The prerequisites for a class action are established in Rule 1702 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1702.[2] The criteria for certification are provided for in Pa. R.C.P. No. 1708, which delineates the considerations as to whether or not a class action is a fair and efficient method of adjudication, and in Pa. R.C.P. No. 1709, which indicates the elements relevant to determine whether or not a litigant is a fair and adequate representative of the class.

We must agree with the court below that this case does not warrant certification as a class action. Initially, we note that the requirement of Pa. R.C.P. No. 1702(2), *supra* n. 2, that there be a common question of law and fact does not exist within the class which the appellant proposes, in that this suit would be adverse to the interests of those retired members of the Upper Darby police force who are presently receiving the higher pension payments and that it may also be

---

[2] Rule 1702 provides:

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

in the interest of those active members who hope to receive these higher amounts in the future.

Secondly, even if a sufficiently large sub-class of officers who have an interest in the retirement plan and are aggrieved by the alleged overpayments could be established, there is serious doubt as to the appellant's ability to represent such a class adequately and fairly. The pleadings disclose that his eligibility for retirement and/or disability benefits is a matter of dispute now being separately litigated and, without a showing that his concern in the administration of the pension fund is identical to the claims and interests of the class, we can grant him neither membership within the class, Pa. R.C.P. No. 1702(3), *supra* n. 2, nor status as a fair and adequate representative. Pa. R.C.P. No. 1702(4), *supra* n. 2, and Pa. R.C.P. No. 1709.[3]

Finally, we must hold that class certification is not an appropriate or efficient method to resolve this allegation of unauthorized payments.[4] Pa. R.C.P. No. 1702(5), *supra* n. 2, and Pa. R.C.P. No. 1708. This issue concerns the interpretation of a municipal ordinance, the determination of which may be accomplished through simple and relatively inexpensive litigation and certainly does not justify resort to a class action and the additional complexities and costs which are incumbent therein.

We will affirm, therefore, the order of the lower court which refused to certify the appellant's suit as a class action.

---

[3] *See, e.g., Alessandro v. State Farm Mutual Automobile Insurance Co.*, 259 Pa. Superior Ct. 571, 393 A.2d 973 (1978).

[4] We must disagree, however, with the lower court's statement that a class action must be "the most appropriate, fairest or efficient way to resolve [this] issue." The language of Pa. R.C.P. Nos. 1702 and 1708, and the explanatory note that follows No. 1708, make it clear that class certification need only be "a fair and efficient method for adjudication" and does not have to be necessarily superior to other forms of litigation.

## ORDER

AND Now, this 18th day of November, 1980, the order of the Court of Common Pleas of Delaware County which denied the motion to certify the above-captioned matter as a class action is hereby affirmed.