Chester Upland School District et al. *v.* Chester Upland Education Association et al.

Chester Upland Education Association, Martha Poore, Sarah Barron, Charles Oakley and Marilyn Brooks, Appellants.

Argued November 19, 1981, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and MAC-PHAIL, sitting as a panel of three.

*Lyn B. Schoenfeld,* with him *Thomas P. Hamilton, Jr., Richard, Brian, DiSanti & Hamilton, P.C.,* for appellant.

*Leo A. Hackett, Fronefield & DeFuria,* for appellee.

Opinion by President Judge Crumlish, Jr., February 11, 1982:

The Chester-Upland Education Association appeals a Delaware County Common Pleas Court order which restricted picketing at the homes of members of the Chester-Upland School Board (Board). We dismiss this appeal as moot.

On September 15, 1980, members of the Association went on strike. They began to picket not only public facilities but the private homes of Board members, two of whom conducted a funeral business from their homes. On September 26, 1980, a hearing was conducted on a motion for preliminary injunction. By order from the bench, the Chancellor limited the number of pickets to three at the home of any Board member. The order further enjoined any picketing at the funeral homes. The Association has challenged this order as a violation of their First Amendment right to free speech and assembly.

"The law is clear that an appeal will generally be dismissed for mootness when an event occurs while the appeal is pending which renders it impossible for the requested relief to be granted." *Atlantic Inland, Inc. v. Township of Bensalem*, 39 Pa. Commonwealth Ct. 180, 182, 394 A.2d 1335, 1337 (1978).[1] A case will not be dismissed if the issues involved however, "are of a recurring nature, capable of repeatedly avoiding review and yet are of important public interest." *Id.*

Since the strike has long been settled and there is no further picketing, there is no longer a controversy that this Court need address. Additionally, we hold that the issues raised in this particular case do not

---

[1] We note that, although the injunction was to remain in effect until further order of the lower court, that order was couched in terms of the strike in effect at *that* time. The end of the strike has by necessity dissolved the injunction and ended any relief this Court might grant.

come within the exception to mootness doctrine cited *supra*.

Appeal dismissed.

ORDER

The appeal of the Chester-Upland Education Association, No. 2351 C.D. 1980, is dismissed.

Judge PALLADINO did not participate in the decision in this case.