Samuel Cox et al., Appellants *v.* City of Chester et al., Appellees.

Argued June 8, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Mary Beth Seminario,* with her, *Margaret A. Lenzi, Dana M. Breslin* and *Ann S. Torregrossa,* for appellants.

*Leo A. Hackett,* with him, *Linda A. Cartisano, Francis P. Connors and James E. Del Bello,* for appellees.

OPINION BY JUDGE CRAIG, August 19, 1983:

Samuel Cox and Henrietta Adams[1] (named plaintiffs) appeal from an order by the Court of Common Pleas of Delaware County denying their motion for class certification. We vacate that decision and remand for further proceedings consistent with this opinion.

We must decide if the common pleas court abused its discretion[2] by (1) declaring that the named plain-

---

[1] Delaware Laws and Willie and Rebecca Molet have since withdrawn as named plaintiffs.

[2] We will not disturb a common pleas court order concerning class certification unless the court failed to consider the requirements for certification under the Pennsylvania Rules of Civil Procedure or abused its discretion in applying them. *Janicik v. Providential Insurance Co. of America,* 305 Pa. Superior Ct. 120, 127, 451 A.2d 451, 454 (1982).

tiffs are not members of the class they purport to represent and by (2) deciding that the interests of the named plaintiffs cannot be aligned squarely with the interests of absent class members.

The named plaintiffs filed a complaint on November 10, 1980, seeking declaratory and injunctive relief that would require the Delaware County Tax Claim Bureau to refrain from conducting an upset price sale scheduled for November 17, 1980, to notify taxpayers holding properties scheduled for tax sale of their alleged right to obtain a compromise of delinquent taxes under the Real Estate Tax Sale Law,[3] and to establish procedures and criteria for consideration of compromise applications.

By order of November 13, 1980, the court stayed the tax sale;[4] the parties then attempted to establish an out-of-court procedure to process tax compromise applications. As a consequence of that procedure, the bureau gave notice of an opportunity to submit compromise requests to all property owners faced with the impending sale, including the named plaintiffs.

Approximately forty-six property owners, including the plaintiffs, submitted tax compromise proposals. The taxing authorities approved seventeen plans for repayment, rejecting proposals submitted by Mr. Cox and Mrs. Adams. On September 28, 1981, the court approved a compromise of taxes for the seventeen properties.

Filing a motion for class certification in February of 1981, the named plaintiffs sought to represent a class consisting of three subclasses:

---

[3] Act of July 7, 1947, P.L. 1368 *as amended*, 72 P.S. §§5860.101-5860.803.

[4] By order of January 8, 1981, the common pleas court continued the tax sale until March 16, 1982; we do not know if that sale occurred.

(A) all individuals whose properties in the City of Chester have been or will be scheduled for an upset price tax in Delaware County;

(B) all individuals whose properties have already been subject to an upset price tax sale but whose properties were not sold;

(C) all City of Chester property tax owners who are current in their property taxes and who are harmed by having higher taxes because of the complained of actions of defendants.

Ruling on a motion to dismiss the class certification action as moot, the common pleas court concluded that because both named plaintiffs took advantage of the opportunity to submit requests for compromise, they (1) settled their claims and therefore were not members of any of the subclasses listed, and (2) no longer had interests squarely alleged with the interests of absent class members "so that such absent members would receive the best possible representation of their interests."[5]

The Pennsylvania Rules of Civil Procedure specify five requirements for class certification—numerosity, common questions of law or fact, typicality, adequacy of representation, and fairness and efficiency. Pa. R.C.P. No. 1702. "[D]ecisions in favor of maintaining a class action should be liberally made." *Bell v. Beneficial Consumer Discount Co.,* 241 Pa. Superior Ct. 192, 205, 360 A.2d 681, 688 (1976).

To ensure due process to the absent class members and to satisfy requirements of standing, a litigant must be a member of the class which he seeks to represent when the court certifies the class. *Janicik v.*

---

[5] We will not disturb the court's decision that, under Pa. R.C.P. No. 1702(2), subclass (C) is not properly includable as a subclass in this case.

*Prudential Insurance Co. of America,* 305 Pa. Superior Ct. 120, 135, 451 A.2d 451, 458 (1982), citing *Sosna v. Iowa,* 419 U.S. 393 (1975). *See also Mc-Monagle v. Allstate Insurance Co.,* 460 Pa. 159, 331 A. 2d 467, 472 (1975) (appellant never eligible for claimed benefits). Here, on the grounds of mootness, the common pleas court held that the named plaintiffs were not members of the class they sought to represent.

We must disagree. A case is moot when the issues presented are no longer alive or the parties lack a legally cognizable interest (personal stake) in the outcome. *United States Parole Commission v. Geraghty,* 445 U.S. 388, 396 (1980); *cf. Atlantic Inland, Inc. v. Township of Bensalem,* 39 Pa. Commonwealth Ct. 180, 182, 394 A.2d 1335, 1337 (1978) (an appeal will generally be dismissed for mootness when an event occurs while appeal is pending which renders it impossible for requested relief to be granted). Our courts have held consistently, however, that a case will not be dismissed as moot merely because the defendant has stopped his alleged illegal conduct voluntarily. *Allen v. Colautti,* 53 Pa. Commonwealth Ct. 392, 397, 417 A. 2d 1303, 1306 (1980), citing *United States v. W. T. Grant Co.,* 345 U.S. 629, 632 (1953) (defendant bears heavy burden of proving that there is no reasonable expectation that past conduct will be repeated).

In determining if the cessation of such activity compels a finding of mootness, we consider (1) the good faith of the defendant's announced intention to discontinue the challenged activity, (2) the effectiveness of the discontinuance, and (3) the character of the past violation. *Id.*

Here, on behalf of all individuals who have been *or will be* scheduled for an upset sale, the named plain-

tiffs sought (1) prior notification of their alleged right to compromise taxes and (2) the development of procedures and criteria for considering their applications. Because the authorities rejected their offers of compromise, the named plaintiffs may again be scheduled for an upset sale, thereby falling into the subclass of individuals who will require consistent treatment of their applications, as well as notification of compromise availability.

Moreover, we question the significance of the authorities' temporary discontinuance of the challenged activity, as applied to the future, given their steadfast position that, under the Tax Sale Law, they have no obligation to notify tax delinquents of the compromise option or develop procedures and criteria for considering compromise proposals.

Thus, we cannot affirm the conclusion that Samuel Cox and Henrietta Adams are not members of any subclass they purport to represent; they are members of subclass (A).

However, our conclusion that the controversy here is not moot does not automatically establish that the named plaintiffs are entitled to continue litigating the interests of the class. Our decision merely "shift[s] the focus of examination" from the elements of justiciability to the ability of the named representatives to meet Pennsylvania's five requirements for class certification. *Geraghty* at 406-07.

Because the common pleas court has yet to certify a class, we need not decide if Samuel Cox and Henrietta Adams are proper representatives of the class; upon remand, the court can determine whether these individuals may continue to press the class claims, *id.*, whether another representative would be appropriate, *id.*, or whether class certification is an inappropriate

or inefficient method for resolving the allegations contained in the complaint. *See Samuel v. Smock*, 54 Pa. Commonwealth Ct. 597, 600, 422 A.2d 902, 903 (1980) (interpretation of municipal ordinance, determination of which may be accomplished through simple and relatively inexpensive litigation, does not justify resort to class action).

Because the named plaintiffs again may be subject to a tax sale and are, therefore, potential members of subclass (A), we also negate the conclusion that their interests cannot be aligned squarely with the interests of absent class members. *See Janicik* at 134, 451 A.2d at 457 (typicality requirement designed to determine if class representative's overall position on common issues sufficiently aligned with interests of absent class members to ensure that pursuit of individual interests will advance class interests).

Moreover, the law does not require that absent class members must receive the "best possible representation of their interests"; "a class representative need not be the best of all possible representatives but rather one that will pursue a resolution of the controversy with the requisite vigor and in the interest of the class." *Piel v. National Semiconductor Corp.*, 86 F.R.D. 357, 366 (E.D. Pa. 1980); *see also Janicik* at 139-40, 451 A.2d at 460. The relevant determination is whether or not the named plaintiff is a fair and adequate representative of the class. Pa. R.C.P. Nos. 1702, 1709; *Smock* at 599, 422 A.2d at 903.

Accordingly, we vacate the order of the common pleas court and remand this case for a determination of whether class certification is otherwise appropriate under the Pennsylvania Rules of Civil Procedure.[6]

Judge MacPhail dissents in this opinion.

## ORDER

Now, August 19, 1983, we vacate the order of the Court of Common Pleas of Delaware County denying the Motion for Class Certification of plaintiffs Samuel Cox and Henrietta Adams, and remand this case for a determination of whether class certification is appropriate under the Pennsylvania Rules of Civil Procedures, in respects other than those on the basis of which the common pleas court has heretofore denied the motion.

Jurisdiction relinquished.

---

[6] The named plaintiffs did not preserve for appeal the issue of whether the common pleas court should have ruled on outstanding motions to intervene before deciding on class certification. *See* Pa. R.A.P. 302.