Theresa Sica and J. J. White, Inc., Appellants *v.* City of Philadelphia et al., Appellees.

Argued June 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Cornelius C. O'Brien, Jr., O'Brien and Davis, P.C.,* for appellants.

*Leslie F. Simkin,* Assistant City Solicitor, with her *Mark A. Aronchick,* Acting City Solicitor, and *Jill A. Douthett,* Divisional Deputy City Solicitor, for appellee, City of Philadelphia.

*Carl S. Primavera,* for appellee, Redevelopment Authority of the City of Philadelphia.

*Steven A. Arbittier,* with him *M. Ellen Moffett,* of counsel: *Wolf, Block, Schorr and Solis-Cohen,* for appellee, Stofflet & Tillotson.

OPINION BY JUDGE CRAIG, September 9, 1983:

Theresa Sica and J.J. White, Inc. (Sica) appeal from a decision of the Court of Common Pleas of Philadelphia County, which dismissed their taxpayer's suit on res judicata grounds. We face a question of first impression, whether judgment in a taxpayer's representative suit concerning the award of a public contract is binding in a later action initiated by a different taxpayer seeking to raise the same issue as to the same contract.

The trial court dismissed Sica's suit because an earlier taxpayer's suit, *Orr v. City of Philadelphia,* (No. 2047, April Term 1982, Common Pleas Court of Philadelphia, filed April 22, 1982) had reached final judgment. There is no dispute that the subject matter, the cause of action and the capacities of the parties are the same in both suits. The present issue arises because the identities of the initiating parties are different.

Informed by the scholarly analysis of Judge GOOD-HEART in the trial court, we conclude that the approach articulated in the Restatement (Second) of Judgments, §§41 and 42, best reflects the Pennsylvania Rule as extrapolated from past decisions.

Section 41 provides, in relevant part:

> (1) a person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of a judgment as though he were a party. A person is represented by a party who is: ... (e) [t]he representative of a class of persons similarly situated, designated as such with the approval of the court, of which the person is a member.
>
> (2) A person represented by a party to an action is bound by the judgment even though the person himself does not have notice of the action, is not served with process, or is not subject to service of process.[1]

The doctrine of res judicata is not directly applicable here; however, the Restatement approach arrives at essentially the same result. As comment (e) to §41 explains, a representative derives authority from his position as a member of the affected class.

Although Pennsylvania courts have not directly addressed this issue, we obtain guidance from the dictum in *Wilson v. Blaine*, 262 Pa. 367, 105 A. 555 (1918), that if a judgment did not bind other taxpayers, "every taxpayer would have a separate right to file a bill in his own name and right, and a multiplicity of suits and great confusion might result." 262 Pa. at 373, 105 A. at 557.

Our position is buttressed by Judge GOODHEART's thorough investigation of the view taken by other states. His exhaustive list of case citations, many of which are also found in the Reporter's Note to §41 of the Restatement, demonstrates clearly that the majority of states follow the position we now adopt, that judgment in one taxpayer's suit is binding upon a second taxpayer's suit involving the same subject matter.

Sica next contends that her suit is not barred because the petitioner in *Orr* should have, but did not, follow the class action rules, Pa. R.C.P. No. 1701-1716.[2] Essentially, Sica thus argues that her case falls under one of the exceptions to the general rule of representation delineated in §42 of the Restatement, as follows:

(1)   A person is not bound by a judgment for or against a party who purports to represent him if:

(a)   Notice concerning the representation was required to be given to the represented person, or others who might act to protect his interest, and there was no substantial compliance with the requirement; or

....

Sica stresses that the class action rules provide specifically for notice to class members, and that no such notice is given in a taxpayer suit.

However, the key point is that no such notice is required in a taxpayer's representative action. As a matter of Pennsylvania law, taxpayer's actions and class actions have different origins, although their purposes are not wholly unrelated. A taxpayer suit is a creature of the common law; it permits a plaintiff, solely on the strength of his status as taxpayer, to challenge government actions which might otherwise be immune from suit because no one would have standing under traditional personal interest standards. The taxpayer bringing such an action does so as a representative and in the common interest of all the taxpayers of a governmental unit.[3]

---

[2] Sica's own complaint does not conform to the requirements of the class action rules.

[3] *Faden v. Philadelphia Housing Authority*, 424 Pa. 273, 227 A.2d 619 (1967).

The modern class action is a procedural device which did not exist at common law; therefore, a would-be class plaintiff must find statutory or rule authority permitting a class action in a particular suit.[4] Because the plaintiff represents not only his own personal interest, but that of all other class members, class actions avoid a multiplicity of suits and prevent inconsistent adjudications; they also provide a vehicle for litigation of relatively small claims and encourage private enforcement of the law in such areas as securities regulation, civil rights and environmental standards.

Our courts have long recognized the distinction between these two types of representative actions. The Pennsylvania Supreme Court, in *Penn Galvanizing Co. v. Philadelphia*, 388 Pa. 370, 130 A.2d 511 (1957), illustrated that distinction by considering the case before it first according to class action principles, and then, clearly in the alternative, as a taxpayer's suit.

The promulgation of the current class action rules has not eroded that distinction. After the effective date of those rules (September 1, 1977), the courts have continued to hear taxpayer's suits without requiring conformity to the rigid standards of the class action rules.[5] The cases clearly establish that, although both are representative actions, a taxpayer's suit is not a

---

[4] *Freeport Area School District v. Commonwealth Human Relations Commission*, 18 Pa. Commonwealth Ct. 400, 335 A.2d 873 (1975), *aff'd with modification*, 467 Pa. 522, 359 A.2d 724 (1976).

[5] *In Re: Appeal from the Settlement and Audit of the Auditors of Buckingham Township, Bucks Co.* (No. 1204 C.D. 1982, filed June 6, 1983); *Zurenda v. A. L. Hydeman, Secretary of the Department of Community Affairs*, 46 Pa. Commonwealth Ct. 67, 405 A.2d 1124 (1979); *Conduit and Foundation Corp. v. City of Philadelphia*, 41 Pa. Commonwealth Ct. 641, 401 A.2d 376 (1979); *Concerned Taxpayers v. Commonwealth*, 33 Pa. Commonwealth Ct. 518, 382 A.2d 490 (1978).

technical class action and, therefore, need not conform to the class action rules, including the rules requiring notice to the class.

Accordingly, we affirm.

### ORDER

Now, September 9, 1983, the decision of the Court of Common Pleas of Philadelphia County, No. 203 May Term, 1982, dated July 27, 1982, is affirmed.