Kevin C. McCarthy, Appellant v. Ernest E. Mize et al., Appellees.

Argued June 6, 1984, before Judges ROGERS, CRAIG and BARBIERI, sitting as a panel of three.

*Justin J. McCarthy, Wusinich and McCarthy*, for appellant.

*Anthony L. V. Picciotti*, with him, *Carole J. Wildoner*, for appellees, Borough of Kennett Square and Councilmen thereof.

*John S. Halsted*, for appellees, Borough of Kennett Square Civil Service Commission and Commissioners thereof.

OPINION BY JUDGE CRAIG, August 15, 1984:

Kevin McCarthy, a taxpayer of the Borough of Kennett Square seeking to represent all other taxpayers, appeals from a Chester County Common Pleas Court order denying his petition for class action certification.

We must decide if the common pleas court abused its discretion[1] by determining that Mr. McCarthy's petition failed to satisfy the following prerequisites for certification under Pa. R.C.P. No. 1702: (1) commonality, (2) typicality, (3) adequacy of representation, and (4) fairness and efficiency. Although we have determined that the court erred in concluding that Mr. McCarthy's allegations do not raise questions of law or fact common to the class which he purports to represent and are not typical of the class claims, we

---

[1] *Cox v. City of Chester*, 76 Pa. Commonwealth Ct. 446, 447 n. 2, 464 A.2d 613, 615 n. 2 (1983).

affirm because the court also properly concluded that a class action will not provide an efficient method for adjudicating this controversy.[2]

We trace the history of this case to 1980, when, by letter of June 19, the borough, which regarded Mr. McCarthy's position with the police force as that of a part-time patrolman, terminated that employment, and also rejected his various applications by which he sought to confirm or obtain one of four positions as full-time patrolman; the council instead appointed Ernest Mize, Harvey Edmundson, and two others to those four positions.

Initially, in 1980, Mr. McCarthy filed a complaint in mandamus and equity. In the mandamus count, he alleged that he had already attained patrolman's status and was entitled, therefore, to a letter of written charges and a hearing or reinstatement. In the equity count, Mr. McCarthy alleged that the borough's civil service commission failed to follow its internal interviewing procedures, as outlined in its rules and regulations, and that the borough's council, in appointing other patrolmen, disregarded section 1184 of The Borough Code,[3] which mandates the appointment of policemen "with sole reference to the[ir] merits and fitness. . . ."[4] He sought an order directing the borough to recertify him as an eligible applicant, appoint him to his former position, and order an investigation into the appointment of the successful applicants.

In dismissing the defendants' demurrer and motion to strike the mandamus count, the common pleas

---

[2] Because of our decision, we need not reach the issue of whether Mr. McCarthy and his counsel would adequately represent the class.

[3] Act of February 1, 1966, P.L. (1965), *as amended*, 53 P.S. §46184.

[4] *Id.*

court, by Judge WOOD, found that Mr. McCarthy had stated a cause of action, identifying the issue for trial as whether he was a patrolman and thus entitled to a hearing as a civil service employee. As to the equity count, Judge WOOD determined that (1) he had no power to order reinstatement, and (2) Mr. McCarthy had failed to name indispensable parties and would have to bring a taxpayer's suit for the court to order an investigation into the manner in which the borough made its selections. Mr. McCarthy's most recent pleadings reveal that his mandamus action is still pending review.

Mr. McCarthy then filed a taxpayer's complaint in February of 1981. The central issue here stems from the fact that he later amended that complaint to include class action allegations, alleging that members of the borough council and civil service commission (1) conspired to terminate his position and prevent him from securing permanent employment on the police force because of his political views and associations with organized labor and, (2) in hiring Officers Mize and Edmundson, violated The Borough Code and disregarded Kennett Square's regulations.

Claiming that members of the borough council and civil service commission thereby committed misfeasance or malfeasance in office and breached their fiduciary duties to the taxpayers of Kennett Square, McCarthy, on behalf of the class, sought to prevent the borough from using tax revenues to pay the salaries of Officers Mize and Edmundson by having the common pleas court order the borough (1) to remove them from the police force, (2) solicit applications for the vacancies created, and (3) appoint him to the force effective April 1, 1980.

Ruling on preliminary objections to the original taxpayer's action, Judge WOOD ruled that Mr. Mc-

Carthy had stated a cause of action and had standing as a taxpayer to bring the suit; the court, however, also struck that paragraph in the prayer for relief which sought an order directing the borough to appoint Mr. McCarthy to the police force.

Deciding preliminary objections to the amended complaint, Judge GAWTHROP, by order of August 24, 1982, determined that he was bound by Judge WOOD's previous decision ruling out Mr. McCarthy's request for an order directing his appointment to the force.

Nevertheless, Judge GAWTHROP, considering the petition for class certification in June of 1983, determined that, beside failing to satisfy the adequacy of representation and fairness and efficiency criteria under Pa. R.C.P. 1702, Mr. McCarthy failed to demonstrate commonality or typicality, because his request for appointment as a disappointed applicant raised facts unique to him and possibly adverse to the interests of other taxpayers seeking to fill the vacancies that would be created by the removal of Officers Mize and Edmundson.

We believe, however, that the common pleas court's conclusion as to the absence of commonality and typicality elements cannot be sustained because the order striking individual relief rendered the complaint a true taxpayer's action, in that Mr. McCarthy was no longer asserting claims or seeking relief unique to his interest as a disappointed applicant. In such a true taxpayer suit, commonality and typicality are inevitably present because "[t]he taxpayer bringing such an action does so as a representative and in the common interest of all the taxpayers of a governmental unit." *Sica v. City of Philadelphia*, 77 Pa. Commonwealth Ct. 97, 100, 465 A.2d 91, 93 (1983).

With respect to the modern class action, which must comply with additional requirements laid down

by statute or rule, *Sica,* common questions of law or fact will generally exist if the class members' legal grievances arise out of the same practice or course of conduct on the part of the class opponent. *Janicik v. Prudential Insurance Co. of America,* 305 Pa. Superior Ct. 120, 133, 451 A.2d 451, 457 (1982), citing *Ablin, Inc. v. Bell Telephone Co. of Pennsylvania,* 291 Pa. Superior Ct. 40, 50, 435 A.2d 208, 213 (1981). The existence of individual questions essential to a class member's recovery is not necessarily fatal to the class. *Id.*

Mr. McCarthy, *as a taxpayer,* and all borough taxpayers conceivably could suffer a common injury when members of their municipal government allegedly conspire to deny one employment because of his political and labor affiliations, fail to follow borough civil service regulations in hiring others, and disregard lack of merit and fitness for law enforcement positions. Such challenged conduct of the borough council and civil service commission cannot logically affect the potential class members in disparate ways, aggrieving some and benefiting others. *Samuels v. Smock,* 54 Pa. Commonwealth Ct. 597, 422 A.2d 902 (1980).

Similarly, we find no basis for finding that the claims of Mr. McCarthy, *as a taxpayer,* are atypical of the class claims which he seeks to advance. The typicality requirement ensures that the class representative's overall position on the common issues is sufficiently aligned with that of the absent class members so that pursuit of his own interests will advance those of the proposed class members. *Id.*

Although Mr. McCarthy's interests as a taxpayer are no doubt more immediate than the interests of other taxpayers because of his additional experience as a disappointed applicant, Mr. McCarthy's allegations of governmental conspiracy, misfeasance and

fiduciary breach are no less squarely aligned with the interests of other taxpayers merely because he also suffered individual injury; a class member may always proceed separately with individual claims which are not common to the class. *Klemow v. Time, Inc.,* 466 Pa. 189, 197 n. 17, 352 A.2d 12, 16 n. 17 (1976).

However, in the circumstances of this case, we agree with the common pleas court that a class action is neither a necessary, appropriate, nor efficient method for vindicating the claims of Mr. McCarthy or the class, because his pending actions in mandamus for individual relief and in equity for taxpayer's relief, if successful, will remedy the alleged wrongs without further straining the resources of the common pleas court. *See* Pa. R.C.P. Nos. 1702(5) and 1708; *Janicik,* 305 Pa. Superior Ct. at 141, 451 A.2d at 461 (in weighing criteria under Pa. R.C.P. Nos. 1702(5) and 1708, a court must balance the interests of the litigants with the interests of the court system); *Samuels v. Smock,* 54 Pa. Commonwealth Ct. 597, 600, 422 A.2d 902, 903 (1980) (among the relevant considerations is whether resort to other methods of resolution would be relatively less complex and inexpensive).

Clearly, the mandamus action, if meritorious, could vindicate Mr. McCarthy's individual claim to a hearing, and perhaps ultimate reinstatement by the borough. As to the equity action, we cannot reach, at this juncture, the question of whether the common pleas court correctly determined that Mr. McCarthy has stated a cause of action or has standing as a taxpayer to enjoin the payment of salaries to policemen allegedly appointed in violation of the law.

We only observe that a taxpayer's suit and class action would here afford the same relief. As also pointed out in *Sica,* the purposes of taxpayer's actions and class actions "are not wholly unrelated." 77 Pa. Commonwealth Ct. at 100, 465 A.2d at 93.

Because certification as a modern class action would advance no salutary purpose, we affirm.[5]

ORDER

Now, August 15, 1984, the order of the Court of Common Pleas of Chester County, dated February 14, 1983, denying class certification, is affirmed.

---

[5] Mr. McCarthy also contends that Judge GAWTHROP improperly excluded a letter from Judge WOOD to Mr. McCarthy's counsel; Judge GAWTHROP properly determined that the letter was not a part of the record and hearsay. We also find no merit in Mr. McCarthy's estoppel argument.