Marcus Katzen, Appellant *v.* Leo Karoleski, Mayor, et al., Appellees.

Argued March 11, 1985, before Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*Bruce E. Cooper*, for appellant.

*Toni M. Cherry*, with her, *Edward V. Cherry*, for appellees.

OPINION BY JUDGE PALLADINO, April 17, 1985:

Marcus Katzen (Appellant) appeals from an order of the Court of Common Pleas of Clearfield County (trial court) which sustained preliminary objections of the Appellees, the Mayor and members of the City Council of the City of DuBois, and dismissed Appellant's complaint in equity. We reverse and remand.

The City of DuBois is the owner of a parcel of real estate currently being used as a municipal parking lot. During October of 1982 the City was considering a proposal by the United States Postal Service to purchase the parcel. On October 21, 1982 Appellant, who is a resident and taxpayer of the City of DuBois, wrote a letter to the City Solicitor stating that he was in-

terested in purchasing the parcel at a higher price than that proposed by the United States Postal Service and indicating his intention to erect a commercial building which would increase the City's tax base, as opposed to the non-taxable use by the federal government. On November 8, 1982, the City Council approved a proposal to grant the United States Postal Service an option to purchase the parcel. On November 24, 1982, Appellant sent another letter to the City Solicitor reiterating his interest in purchasing the parcel. When Appellant received no answer to his letters, he filed a complaint in equity alleging a breach of fiduciary duty and an abuse of discretion by the Mayor and City Council and seeking to enjoin the sale of the parcel to the Postal Service, to order the City Council to consider his offer, and to be awarded damages.

Appellees filed preliminary objections to the complaint claiming, in pertinent part, that in order to assert taxpayer standing Appellant was required to bring a class action in accordance with the Pa. R.C.P. 1701-1716. On April 18, 1983, the trial court issued an order dismissing Appellant's complaint on the ground that Appellant was required to comply with the class action rules but granted Appellant leave to file an amended complaint.

Appellant filed an amended complaint setting forth both personal (Count I) and class action (Count II) allegations. Appellees again filed preliminary objections claiming that Appellant failed to aver facts indicating that he would adequately protect the interests of the class as required by Pa. R.C.P. 1702, 1704, and 1709. On this basis, the trial court dismissed Appellant's amended complaint on September 21, 1983.

Appellant appeals to this Court asserting that the trial court erred as a matter of law in dismissing his

complaints on the ground that a taxpayer's suit must be brought as a class action.[1]  We agree.

The distinctions between a taxpayer's representative action and a class action pursuant to the Pennsylvania Rules of Civil Procedure were succintly delineated by this Court in *Sica v. City of Philadelphia,* 77 Pa. Commonwealth Ct. 97, 465 A.2d 91 (1983).  As stated in *Sica,* "although both are representative actions, a taxpayer's suit is not a technical class action and, therefore, need not conform to the class action rules . . . ." *Id.* at 101-102, 465 A.2d at 94.  The trial court committed an error of law in dismissing Appellant's original complaint and Count 1 of his amended complaint on the basis that they did not conform to class action requirements.

At oral argument, Appellees conceded that a taxpayer's suit need not be brought as a class action but argued that Appellant's complaint did not satisfy the pleading requirements of a taxpayer's representative action because it did not contain sufficient allegations to establish the requisite elements of commonality and typicality.  Appellees contend that Appellant's prayer for damages as an unsuccessful purchaser of the parcel raises questions unique to him and possibly adverse to the interests of the other taxpayers whom he purports to represent.  In its opinion of September 21, 1983, the trial court also raised the question of whether Appellant's personal stake in the action creates a conflict of interest between Appellant and the other members of the class.

---

[1] Appellant also argues that the trial court erred in ruling upon Appellees' preliminary objections to the class-action allegations contained in Appellant's amended complaint because under Pa. R.C.P. 1704 the proper procedure by which to challenge these allegations is by filing an answer.  Because of our decision on the issue discussed above, we do not reach Appellant's second argument.

Appellant's unique personal stake in the outcome of the litigation does not, however, remove the elements of commonality and typicality from the taxpayer's action. Appellant, as a taxpayer, and all other taxpayers of the City of DuBois may suffer a common injury if the City Council sells the parcel for a lower price than could be obtained from Appellant and a use results which would not generate tax revenue. *See McCarthy v. Mize,* 84 Pa. Commonwealth Ct. 511, 479 A.2d 693 (1984). Similarly, Appellant's allegations of breach of fiduciary duty and abuse of discretion by the Mayor and City Council are typical and sufficiently aligned with the position of the other taxpayers so that pursuit of his own interests will also advance theirs. *See id.* Nor does Appellant's prayer for damages, arising out of his personal claim as a disappointed purchaser, destroy the elements of commonality and typicality because a class member may also proceed with individual claims which are not common to the class. *Id.*

We, therefore, reverse the order of the trial court and remand the case with directions to permit Appellant to plead over and proceed with his taxpayer's representative action.[2]

ORDER

AND Now, April 17, 1985, the order of the Court of Common Pleas of Clearfield County in the above-captioned action, dated September 21, 1983, is reversed and the case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

[2] Although neither of the parties hereto have raised or argued the question of whether the United States Postal Service is an indispensable party to this action, we note that if the Postal Service is an indispensable party both this Court and the Court of Common Pleas would be without jurisdiction to hear the case.