## Brown Estate v. Government Employees Insurance Company

*Richard C. Angino,* for plaintiff.
*George G. O'Brien,* for defendant.

ECKMAN, P. J., May 12, 1986—Presently before the court are the motion for judgment on the pleadings filed by defendant Government Employees Insurance Company and the motion to compel discovery filed by plaintiff Regina J. Lazzaro, administratrix of the estate of Dennis J. Brown, deceased, and all others similarly situated.

Plaintiff initiated this class action by filing a complaint on January 7, 1985, to which defendant filed an answer, new matter and counterclaim on June 7, 1985. On June 24, 1985, Plaintiff filed a reply to new matter and preliminary objections to defendant's counterclaim. On July 11, 1985, defendant filed an amended counterclaim to plaintiff's complaint. Although plaintiff filed preliminary objections to defendant's amended counterclaim, she subsequently withdrew the preliminary objections and filed an answer thereto on February 27, 1986.

On September 19, 1985, plaintiff filed the motion to compel discovery, alleging that the discovery is necessary for class certification and processing of the class action. Defendant filed the motion for judgment on the pleadings on November 26, 1985, and plaintiff filed a reply on December 6, 1985. Briefs having been filed by the parties, the motions are ready for disposition.

Addressing defendant's motion for judgment on the pleadings, it is well settled that judgment on the pleadings may be entered only in clear cases where there are no issues of fact and only where the moving party's right to prevail is so certain that a trial would be a fruitless exercise. Waldman v. Shoemaker, 367 Pa. 587, 80 A.2d 776 (1951); City of Philadelphia v. Hennessey, 48 Pa. Commw. 600, 411

A.2d 567 (1980); Leidy v. Deseret Enterprises, Inc., 252 Pa. Super. 162, 381 A.2d 164 (1977). In deciding whether to enter a judgment on the pleadings, the court is required to consider only the pleadings themselves and any documents properly attached thereto. Moreover, the court should view the pleadings and the inferences therefrom in the light most favorable to the party opposing the motion. Thomas Merton Center v. Rockwell International Corp., 280 Pa. Super. 213, 421 A.2d 688 (1980), reversed on other grounds, 497 Pa. 460, 442 A.2d 213 (1981), cert. denied, 457 U.S. 1134, 73 L.Ed. 2d 1351, 102 S. Ct. 2961 (1982).

Viewed in the light most favorable to plaintiff, the pleadings and all reasonable inferences therefrom reveal the following set of facts. Plaintiff is the administratrix of the estate of Dennis J. Brown, decedent. (Complaint, paragraph 1.) On March 8, 1979, decedent was killed when crossing the intersection of Wyoming and Whitaker Avenues, Philadelphia, Pa. (Complaint, paragraph six.) Decedent, a pedestrian, was struck by a vehicle operated by John Moore, who held an insurance policy issued by defendant. The policy was in full force and effect on March 8, 1979 and covered decedent pursuant to the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act.[1] (Complaint, paragraphs three, five.) As a result of the accident, decedent's estate is entitled to work-loss benefits as defined in section 103 of the act, supra. Defendant denies plaintiff estate's entitlement to work-loss benefits. (Complaint, paragraphs seven, nine and 11.)

---

1. The Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, §101 to 701, repealed by Act of Februay 12, 1984, P.L. 26, §8(a), effective October 1, 1984; 40 Pa.C.S. §1009.101 et seq., Supplement.

On or about August 4, 1981, plaintiff instituted a lawsuit against defendant in the Philadelphia Court of Common Pleas, Regina J. Lazzaro, administratrix of the estate of Dennis J. Brown and Regina J. Lazzaro, in her own right v. Geico, August term, 1981, no. 438 (hereafter case no. 1), seeking specifically work-loss benefits in the statutory amount of $15,000 under section 202(b) of the act, supra. (Defendant's new matter, paragraph 25, Exhibit "A", paragraphs seven, eight; plaintiff's reply, paragraph 25.) Case no. 1, in which plaintiff was represented by Philadelphia counsel, was settled for the sum of $5,000, pursuant to which plaintiff signed a general release for all claims. (Defendant's new matter, paragraphs 27, 29, Exhibit "B", plaintiff's reply, paragraphs 27, 29.) Plaintiff, by her attorney, executed an order to settle, discontinue and end (case no. 1), which order was filed with the court on May 10, 1981. (Defendant's new matter, paragraph 30, Exhibits "C", "D"; plaintiff's reply, paragraph 30.) Court approval for the settlement was never obtained. (Plaintiff's reply, paragraph 29.)

Defendant first argues that it is entitled to judgment in its favor because plaintiff's claims are barred by the statute of limitations.

The period of limitations applicable to a claim for work-loss benefits set forth in section 106(c)(1) of the act, supra, was interpreted by the Pennsylvania Supreme Court in Kamperis v. Nationwide Insurance Co., 503 Pa. 536, 469 A.2d 1382 (1983).

"[W]here . . . no-fault benefits have not been paid for loss arising otherwise than from death, and the work loss was known to have been caused by the accident, an action to recover work-loss benefits under the Act may be commenced (a) within two years from any time the victim suffers work loss as a re-

sult of the accident; (b) within two years after the victim's accrued work loss equals the maximum amount recoverable under the act for work loss, $15,000; and (c) not later than four years after the accident." (Citations omitted.) Id. 503 Pa. at 541.

For purposes of the instant motion, we will apply the longest period of limitations: "not later than four years after the accident." Decedent was killed on March 8, 1979. (Complaint, paragraph 6.) The instant complaint was filed on January 7, 1985, more than four years after the accident. Therefore, by the face of the record, it appears that the action is barred by the statute of limitations. Kamperis v. Nationwide Insurance Co., supra.

Plaintiff, however, argues that her claims are not time barred because defendant misrepresented to plaintiff that decedent's estate was not entitled to work-loss benefits and because plaintiff reasonably relied to her detriment on such misrepresentations. (Complaint, paragraphs 10, 11, 12,13.)

In Pennsylvania, "[t]he law is clear that fraud or deceit tolls the statute of limitations until such time as the fraud has been discovered by the exercise of due diligence." Rothman v. Fillette, 503 Pa. 259, 266, 469 A.2d 543 (1983). See also Gee v. CBS, Inc., 471 F. Supp. 600, 626 (E.D., Pa. 1979), aff'd., 612 F.2d 572 (3d Cir. 1979). "[T]he statute of limitations is deemed to run . . . from the time of discovery of the fraud or facts *which would lead a reasonable man to discovery of the actual fraud.*" (Emphasis in original.)

Instantly, the pleadings reveal that plaintiff retained counsel to pursue her no-fault claims as early as November 26, 1979 and that plaintiff, by counsel, formally requested work-loss benefits no later than July 10, 1980. (Defendant's motion for judgment on the pleadings, Exhibit 4.)

Assuming, arguendo, the truth of plaintiff's allegations that defendant misrepresented the validity of decedent's estate's work-loss claim to be sufficient to toll the statute of limitations, Plaintiff cannot be said to have reasonably relied on such misrepresentations after November 26, 1979, when she retained counsel, and in no event later than July 1980, when plaintiff formally requested work-loss benefits from defendant. At such time, plaintiff is deemed to have discovered the fraud or "facts which would lead a reasonable man to discovery of the actual fraud." Gee v. CBS, Inc., supra. In either case, viewed in the light most favorable to plaintiff, the pleadings reveal that the statute of limitations began to run more than four years prior to plaintiff's filing of the instant complaint on January 7, 1985. Accordingly, plaintiff's claims are time-barred.

Parenthetically, we reject plaintiff's argument that defendant's failure to give plaintiff a written rejection of her claim for benefits within 30 days after defendant's receipt of reasonable proof of loss in accordance with section 106(a)(5) of the act, supra, tolls the statute of limitations until such notice is given. Assuming as plaintiff argues, that the purpose of the requirement is to put a claimant on notice so that the claimant has an opportunity to exercise his right of action before it is time-barred under section 106(c) (plaintiff's brief, page 9), the reason for the rule no longer existed at such time as plaintiff retained counsel to represent her interests.

Having decided that plaintiff's claims are barred by the applicable statute of limitations, we need not decide the effect of defendant's failure in case no. 1 to comply with section 106(b)(1) of the act, supra, which requires court approval of settlements over $2,500. Further, we need not decide the effect of a

general release given by plaintiff, while represented by counsel, to defendant.

Finally, in her reply to defendant's motion for judgment on the pleadings, plaintiff maintains that in the event plaintiff's individual claims are dismissed, the instant class action should be allowed to proceed with another class member substituted as representative plaintiff.

It is well settled that a representative party must be a member of the class he seeks to represent when the court certifies the class in order to ensure due process to the absent class members and to satisfy requirements of standing. Pa.R.C.P. 1702(4); Cox v. City of Chester, 76 Pa. Commw. 446, 464 A.2d 613 (1983); Janicik v. Prudential Insurance Company of America, 305 Pa. Super. 120, 451 A.2d 451 (1982).

The policy underlying the rule was summarized by the Pennsylvania Superior Court in Alessandro v. State Farm Mutual Automobile Insurance Co., 259 Pa. Super. 571, 393 A.2d 973 (1978), modified on other grounds, 487 Pa. 274, 409 A.2d 347 (1979), as follows:

"It has been accurately noted that the named plaintiff in a class action is not simply 'a key to the courthouse door.' The interests of a would-be class representative must be squarely aligned with the interests of the absent class members if the adjudication of the court is to be binding upon them. This requirement is not merely a technical requirement of pleading a class action; it is rooted in fundamental notions of due process of law. If the representative before the court does not seek to raise on his own behalf a case or controversy substantially alike those of the absent members of the class, he lacks standing to act as a class representative. The lack of standing goes to the heart of the jurisdiction of the

court to act. ... Thus, a person cannot litigate claims of a class of which he is not a member. And, '[a] litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the ... court.' " (Citations omitted.) Id., 259 Pa. Super. at 579, 580.

Instantly, since plaintiff's claim against defendant has been dismissed, she is not a member of the class she purports to represent, much less a fair and adequate representative of the interests of the class. Pa.R.C.P. 1702(4). Therefore, plaintiff cannot litigate the claims of the class, and the class allegations must also be dismissed. See Cox v. City of Chester, supra; Alessandro v. State Farm Mutual Automobile Insurance Co., supra.

The cases cited by plaintiff in support of her position that the class action should be allowed to proceed are distinguishable from and inapposite to the instant case. In Janicik v. Prudential Insurance Company of America, supra, the court held that appellant was "clearly a member of the class she seeks to represent [and was] thus potentially an adequate class representative." Id., 305 Pa. Super. at 136. In McMonagle v. Allstate Insurance Company, 460 Pa. 159, 331 A.2d 467 (1975), the court held "only that one who has never been subjected to or threatened with subjection to the challenged conduct may not maintain a class action on behalf of those who allegedly were victimized by that conduct."

Unlike the present case, in Alessandro v. State Farm Mutual Automobile Insurance Company, supra, a class was certified at the time the named class representative was decertified. Similarly, the court in Chevalier v. Baird Savings Association, 72 F.R.D. 140 (E.D., Pa. 1976), permitted those named plaintiffs with valid claims against the defendant to proceed as a class, notwithstanding the dismissal of

the claims of certain other named plaintiffs. Finally, in Myers v. Commonwealth, Department of Labor and Industry, 312 Pa. Super. 61, 458 A.2d 235 (1983), the representative plaintiff had a claim against defendant at the time the class action was instituted, which was subsequently mooted by defendant's satisfying the representative plaintiff's claim, "a familiar tactic . . . not [generally] successful in ending (a) class action." Id., 312 Pa. Super. at 64.

Here, we have only one named plaintiff with no valid claim against defendant at the time the suit was filed, potential class members not yet identified, much less certified as a class, an outstanding motion to compel discovery seeking to identify those members and a zealous and innovative lawyer seeking to pursue their alleged claims.

Plaintiff fails to cite and our research does not reveal any cases which support a finding that a class action under the present circumstances should appropriately be allowed to continue. To the contrary, to permit a party with no claim against defendant to serve as representative plaintiff for purposes of identifying the class members and locating a suitable representative plaintiff is a practice unsupported by the Rules of Civil Procedure, the case law or the policies underlying class actions. Accordingly, we find that the instant class action must also be dismissed.[2]

Having so decided, we need not address plaintiff's motion to compel discovery.

Accordingly, we enter the following

---

2. This dismissal, of course, binds only named plaintiff, Pa.R.C.P. 1715(b), and does not preclude potential class members from reinstituting a class action and litigating their claims against defendant.

## ORDER

And now, May 12, 1986, the motion for judgment on the pleadings filed by defendant Government Employees Insurance Company is hereby granted. The claims of plaintiff Regina J. Lazzaro, administratrix of the estate of Dennis J. Brown, deceased, are dismissed with prejudice. The claims of potential class members similarly situated are dismissed without prejudice.