Randy **PAGNOTTA, legal guardian and parent for Randall PAGNOTTA, a minor child, and Methacton School District**

v.

**PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION INCORPORATED, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1996.
Decided July 31, 1996.
Reargument Denied Sept. 23, 1996.

---

William M. Young, Jr., for Appellant.

Charles D. Mandracchia, for Appellee, Randy Pagnotta.

Before DOYLE and FLAHERTY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Pennsylvania Interscholastic Athletic Association (PIAA) appeals from the February 23, 1995 order of the Court of Common Pleas of Montgomery County which preliminarily enjoined the PIAA from preventing Randall Pagnotta from participating in the remainder of the PIAA District I AAA Wrestling Tournament (wrestling tournament).

## Background

On Saturday, February 18, 1995, Randall Pagnotta, then a high school junior, and an opponent were disqualified by a PIAA official during a match in the wrestling tournament. Pagnotta's opponent allegedly bit Pagnotta in the finger causing Pagnotta to react by striking his opponent with his other hand. Thereafter, Pagnotta and Methacton School District filed a complaint in equity and a motion for preliminary injunction to restrain PIAA from preventing Pagnotta from wrestling in the remainder of the wrestling tournament. On that same date, the Honorable Richard J. Hodgson heard oral argument from all counsel and viewed two videotapes of two matches from the wrestling tournament, including the match in which Pagnotta was disqualified. The trial court then granted the preliminary injunction and denied PIAA's oral motion for a supersedeas suspending the injunction pending appeal.

PIAA then filed an appeal and an application for supersedeas with this Court on February 28, 1995. After oral argument, this Court granted the supersedeas and issued an order suspending the preliminary injunction pending further order of this Court. Then on April 19, 1995, Pagnotta and the District filed a motion to dismiss PIAA's appeal as moot. On May 17, 1995, the Honorable Warren A. Morgan, Senior Judge of this Court, granted the motion and dismissed PIAA's appeal as moot.

Thereafter, we granted PIAA's application for review and vacated this Court's May 17, 1995 order. The parties were directed to brief the issue of mootness along with the merits of the appeal and argument was scheduled accordingly.[1]

## Issues

On appeal to this Court, PIAA raises several grounds on which it challenges the trial court's grant of the preliminary injunction. However, we are faced with a threshold question of whether this appeal is moot. Be-

1. PIAA filed its brief and reproduced record with this Court on October 24, 1995. Pagnotta thereafter filed a Motion to Strike Reproduced Record and Strike Appellant's Brief and Dismiss or Quash Case for Failure to Conform to Rules of Pennsylvania Appellate Procedure 1921, 1923, and 1924. After PIAA filed its answer thereto, Senior Judge Silvestri issued a Memorandum and Order granting in part and denying in part Pagnotta's Motion. PIAA was given until December 22, 1995 to file an amended Reproduced Record and Brief.

cause we have determined that the appeal is moot and because this matter does not come within any of the general exceptions to the mootness doctrine, we will dismiss PIAA's appeal without reaching the merits.

## Discussion

PIAA argues that the question of whether a referee's call should be subject to judicial review is capable of repetition yet continues to evade review due to the fact that the scheduling of these types of questions for judicial review almost never occurs immediately or shortly after the athletic event in question; hence, these issues are usually moot by the time an appeal could be heard. PIAA argues that "the general rule with respect to high school athletic associations ... is one of judicial non-interference unless the action · complained of is fraudulent, an invasion of property or pecuniary rights, or capricious or arbitrary discrimination." *Harrisburg School District v. Pennsylvania Interscholastic Athletic Association,* 453 Pa. 495, 503, 309 A.2d 353, 357 (1973).

PIAA also contends that by allowing trial courts to routinely enter preliminary injunctions against the PIAA and substitute their judgment for the PIAA officials' judgment, establishes a precedent in which the outcome of any given PIAA-sponsored athletic contest would be left in doubt pending a judicial determination of whether the PIAA official made the correct call. PIAA argues that the public is entitled to a degree of finality in rulings by officials in athletic contests and therefore, this Court should decide this case on the merits and not dismiss it on mootness grounds. *See Pennsylvania Interscholastic Athletic Association, Inc. v. Greater Johnstown School District,* 76 Pa.Cmwlth. 65, 463 A.2d 1198 (1983).

■ The general rule with respect to the issue of mootness is that an actual case or controversy must exist at all stages of appellate review; only in rare instances such as where the question presented for review is of great public importance, involves exceptional circumstances, or is capable of repetition yet evades review, will this Court decide an otherwise moot case. *Strax v. Department of Transportation, Bureau of Driver Licensing,* 138 Pa.Cmwlth. 368, 588 A.2d 87 (1991), *affirmed,* 530 Pa. 203, 607 A.2d 1075 (1992).

■ However, our review in *this* case was hindered, if not made impossible, by the parties' failure to preserve a record below. Not only has the wrestling tournament long since ended; but also, no one saw fit to make a part of the trial court or appellate record either the two video tapes that the trial judge based his decision upon or a transcript of the proceedings before the trial judge.[2] Where "[i]ntervening changes in the factual matrix of a pending case" occur which eliminate an actual controversy and make it impossible for the court to grant the requested relief, the case will be dismissed as moot. *Zemprelli v. Thornburgh,* 78 Pa.Cmwlth. 45, 466 A.2d 1123, 1124 (1983).[3] In summary, PIAA has asked us to review and reverse the trial court's preliminary injunction but has utterly failed to present us with a record which will permit a meaningful review.

Accordingly, having found the issues presented on appeal moot and no mootness exception applicable, we dismiss PIAA's appeal.

## ORDER

AND NOW, this 31st day of July, 1996, the appeal of Pennsylvania Interscholastic Ath-

---

**2.** The trial court noted in its opinion at pages 4 and 5 that:

In addition, this Court feels it necessary to inform the Commonwealth Court that we recollect asking counsel for P.I.A.A. whether he wished the hearing in question to be placed on the record. His answer was no. Moreover, the Court offered Counsel for P.I.A.A. the opportunity for a full hearing on this matter the following week. Counsel for P.I.A.A. also refused this offer. If that hearing had been held, perhaps an appeal would have been unneces-

sary. The Court deems it disingenuous for Counsel for P.I.A.A. to now ask the Appellate Court to render a decision in this case without benefit of a record with which to determine what happened. Instead, the Appellate Court is left with the bare recollections of the trial court and counsel for the parties.

**3.** *See also In re Gross,* 476 Pa. 203, 382 A.2d 116 (1978); *Chester Upland School District v. Chester Upland Education Association,* 64 Pa.Cmwlth. 523, 440 A.2d 1283 (1982).

letic Association Incorporated in the above-captioned matter is dismissed as moot.

Jurisdiction relinquished.