Edward P. Zemprelli et al., Petitioners *v.* Dick Thornburgh, Governor, et al., Respondents.

Argued September 13, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*William G. Dade,* Assistant Counsel to the Senate Democratic Floor Leader, for petitioners.

*Robert B. Hoffman,* Deputy Attorney General, with him *Allen C. Warshaw,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE WILLIAMS, JR., October 25, 1983:

By amended petition for review in the nature of *quo warranto* addressed to our original jurisdiction four state senators (Petitioners) seek to oust four state officials[1] (Respondents) from appointive offices and to enjoin the Governor of the Commonwealth from nominating their successors. Respondents' rights to hold their positions are challenged inasmuch as the Governor allegedly failed to submit their nominations to the Pennsylvania Senate within the ninety-day period subsequent to the occurrence of the respective vacancies in their offices as mandated by Article IV, §8

---

[1] The four individuals are Robert K. Bloom, former Secretary of Revenue; William E. Andrews, member of the Pennsylvania Minority Business Development Authority; Donald L. Smith, member of the Hazardous Substances Transportation Board; and, Dr. Syed R. Ali-Zaidi, member of the Board of State College and University Directors.

(b) of the Pennsylvania Constitution.[2] *See, Zemprelli v. Thornburgh*, 47 Pa. Commonwealth Ct. 43, 407 A.2d 102 (1979) *(Zemprelli I)* (ninety-day constitutional provision is mandatory, and not merely directory, as to the timeliness of nominations).

Challenging Petitioners' standing to bring this action, Respondents filed preliminary objections in the nature of a demurrer. In *Zemprelli v. Thornburgh*, 73 Pa. Commonwealth Ct. 101, 457 A.2d 1326 (1983) (MacPhail, J., dissenting), we held that Petitioners had standing to maintain this action, thus overruling the preliminary objections. Respondents then filed an answer and new matter. The new matter asserted that Respondent Robert K. Bloom (Bloom) ceased to occupy the position of Secretary of the Department of Revenue on or about January 18, 1983; that James Scheiner was nominated by the Governor to succeed Bloom on or about January 18, 1983; and, that the Pennsylvania Senate consented to James Scheiner's nomination as Revenue Secretary on or about March 16, 1983. Petitioners' reply to new matter admitted these factual averments.

Respondents, contending that the *quo warranto* action became moot as to the Bloom nomination upon Bloom's resignation at the end of the Governor's first term and the Governor's nomination, within ninety days of the vacancy, of Bloom's successor, filed a motion for summary judgment for Bloom and partial summary judgment for the Governor. While not disputing facts material to Respondent's motion, Petitioners filed an opposition to the motion.

---

[2] Article IV, §8(b) of the Pennsylvania Constitution provides pertinently:

(b) The Governor shall fill vacancies in offices to which he appoints by nominating. to the Senate a proper person to fill the vacancy within 90 days of the first day of the vacancy and not thereafter.

Intervening changes in the factual matrix of a pending case, which eliminate an actual controversy and make it impossible for the requested relief to be granted, render a legal question moot. *See, In re Gross,* 476 Pa. 203, 382 A.2d 116 (1978); *Chester Upland School District v. Chester Upland Education Association,* 64 Pa. Commonwealth Ct. 523, 440 A.2d 1283 (1982). The instant case is illustrative of such intervening factual changes since Bloom is no longer Revenue Secretary and, as such, cannot now be ousted from office. *See, Meyer v. Strouse,* 422 Pa. 136, 221 A.2d 191 (1966) (expiration of ousted tax collector's term of office rendered moot question of collector's right to exercise the office). Concluding that Petitioners cannot now be provided the relief requested regarding Bloom (*i.e.,* his dismissal from office), we dismiss the case against Bloom.[3]

Respondents, by motion for partial summary judgment, also contend that Bloom's resignation renders moot Petitioners' prayer that the Governor be barred from nominating Bloom's successor. *See, Zemprelli I,* 47 Pa. Commonwealth Ct. at 60, 407 A.2d at 110 (Governor's nomination power is forfeited if not exercised during ninety-day period). Although the Governor is constitutionally mandated to nominate "a proper person to fill the vacancy within 90 days of the first day of the vacancy and not thereafter," Pa. Const. Art. IV §8(b), in *Zemprelli I* we concluded that

> [a]t the very least, "the first day of the vacancy," must be deemed to be not earlier than the first day of the vacancy as it might exist in each Governor's *new* term. (Emphasis added.)

---

[3] Because we dismiss, for mootness, Petitioners' case against Bloom, we deny Respondents' motion for summary judgment. Summary judgment is a decision based upon the merits of legal issues grounded in an actual controversy; here no concrete controversy now exists as to Bloom's right to hold office.

*Id.* at 54, 407 A.2d at 107. Thus the Governor's timely nomination of Bloom's successor on January 18, 1983, at the advent of a *new* term, to fill the *new* vacancy created by Bloom's resignation on the same date, entitled the Governor, as to this particular issue, to judgment as a matter of law.[4] *Id.* Accordingly, Respondents' motion for partial summary judgment is granted.

### ORDER

AND Now, this 25th day of October, 1983, the Honorable Richard L. Thornburgh's motion for partial summary judgment in the above-captioned matter is granted.

The case against Robert K. Bloom is dismissed for mootness. Bloom's motion for summary judgment is therefore denied.

---

[4] Although Respondents contend that Petitioners' prayer that the Governor be prohibited from nominating Bloom's successor is moot, neither an actual controversy is lacking nor is it impossible for the requested relief to be granted. Respondents' argument is therefore inapposite.