**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ward V. NOLDER,**
**Defendant-Appellant.**

No. 84–1220
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1984.

Martha A. Miller, Atlanta, Ga., for defendant-appellant.

James A. Rolfe, U.S. Atty., Paulina M. Jacobo, Asst. U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

In 1978 and 1979 the Farmers Home Administration (FmHA) made two loans to appellant Nolder, taking as collateral a security interest in Nolder's crops and equipment. On August 15, 1983, the United States, on behalf of the FmHA, filed suit against Nolder in federal district court for the Northern District of Texas. In its complaint the government sought to foreclose the FmHA's security interest in Nolder's property and requested a judgment of $41,-781.26 for Nolder's unpaid debt.

On November 17, 1983, the United States moved for summary judgment and submitted in support of its motion copies of the promissory notes, security agreement, and financing statement signed by Nolder. The district court granted the government's motion for summary judgment on December 9, 1983, and noted in its memorandum opinion that Nolder had failed to respond to the motion.

Nolder did not appeal from the final judgment, but moved under Fed.R.Civ.P. 60(b) to vacate the district court's judgment. Nolder alleged that his failure to respond to the government's motion for summary judgment was due to the negligence of his previous counsel, and that he, as an FmHA borrower, had valid legal defenses to the agency's foreclosure action. The district court denied his motion to vacate on March 1, 1984. Nolder then filed a timely notice of appeal from the denial of the Rule 60(b) motion.

On July 20, 1984, the United States moved this Court for a 45-day stay of the proceedings on appeal. In its motion the government indicated that the Department of Agriculture was enjoined, under *Coleman v. Block*, 562 F.Supp. 1353 (D.N. Dakota 1983), from foreclosing FmHA loans "similar to the one sought to be foreclosed in this Nolder case." Although the United States disputed Nolder's membership in the class protected by *Coleman*, it requested a stay in order to allow the Department of Agriculture "to make a determination regarding the national policy to be formulated and implemented in this and other similar cases" which have arisen pursuant to *Coleman*. The government in fact filed no brief or other materials contesting Nolder's position on appeal. The government's request for a stay was granted.

On September 24, 1984, the United States Attorney wrote the following letter to the clerk of this Court:

> We believe that the Nolder case was filed three (3) days after the *Coleman v. Block* decision, therefore, we need to go back and proceed with the Administrative steps. We will not file a brief in this case.

This case involves Nolder's timely appeal from the district court's denial of his Rule 60(b) motion. "Motions for relief from a final judgment are addressed to the sound discretion of the district court, guided of course by accepted legal principles. Therefore, in the absence of an abuse of discretion, ..." the Court of Appeals will not review the district court's determination. *Hand v. United States*, 441 F.2d 529, 531 (5th Cir.1971). A final judgment, viewed in this context, may be vacated where such action is appropriate to accomplish justice. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981).

There have been numerous suits in recent years brought by FmHA farm borrowers attempting to halt the agency's loan acceleration and foreclosure efforts. *Allison v. Block*, 723 F.2d 631 (8th Cir.1983); *Matzke v. Block*, 732 F.2d 799 (10th Cir. 1984); *United States v. Hamrick*, 713 F.2d 69 (4th Cir.1983); *Curry v. Block*, 541 F.Supp. 506 (S.D.Ga.1982), *aff'd* 738 F.2d 1556 (11th Cir.1984), on appeal. One such effort, *Coleman v. Block*, 562 F.Supp. 1353 (D.N. Dakota 1983), originated in 1983 in

the district court of North Dakota and was commenced as a class action comprised of all FmHA borrowers in that state. On October 28, 1983, the district court in *Coleman* certified a national class, defined as:

all persons who have obtained a farmer program loan from the Farmers Home Administration, and who are or may be eligible to obtain a farmer program loan from the Farmers Home Administration, and whose loans are or will be administered in the Farmers Home Administration offices located throughout the United States, but the national class does not include

a) borrowers who reside in states where a state-wide class action is requested (and not denied at a later time), or is already certified; or

b) borrowers who have presently filed actions that directly relate to the implementation of 7 U.S.C. § 1981a, the constitutionality of a pre-hearing cutoff of necessary family living and farm operating expenses, and the constitutionality of the Farmers Home Administration appeals procedure.

3) this Court presumes that all litigants who are presently before another court on the same issues have opted out; however, such litigants may request permission from their presiding court to enter the national class;

*Coleman v. Block*, 100 F.R.D. 705, 708 (D.N. Dakota 1983).

On November 14, 1983, the *Coleman* Court, which had previously enjoined the Secretary of Agriculture from proceeding against the state-wide class, extended its preliminary injunction to cover the newly expanded, national class:

That the defendant, their agents, subordinates, and employees, are enjoined until further order of this court from

(a) Accelerating the indebtedness of the plaintiffs,

(b) Foreclosing on the real property or chattels of the plaintiffs,

(c) Demanding voluntary conveyance by the plaintiff, or

(d) Repossessing chattels of the plaintiffs or in any way proceeding against or depriving the plaintiffs of property in which the defendants have a security interest,

until defendants shall have given any plaintiffs against whom the defendants propose to proceed at least 30 days notice:

A. That informs the borrower of his right to a hearing to contest the proposed action and to establish eligibility for loan deferral pursuant to 7 U.S.C. § 1981a;

B. That provides the borrower with a statement that gives the reasons for the proposed termination;

C. That informs the borrower of the factors that determine eligibility for loan deferral; and

D. That informs the borrower of the official before whom the borrower may request a hearing. The official designated shall not have been actively involved in the initial decision of termination.

This preliminary injunction, modified to include certain specific exceptions inapplicable to the case at bar, was made permanent on February 17, 1983. *Coleman v. Block*, 580 F.Supp. 194, 209–212 (D.N. Dakota 1984), appeal docketed April 1984, United States Court of Appeals for the Eighth Circuit, Nos. 84–1441–N.D. and 84–1523–N.D.

In the case at bar, Nolder alleges that he is a member of the national class certified in *Coleman* and was therefore protected from foreclosure by the injunction issued by the district court in North Dakota. Because there is no pending Texas class action on the *Coleman* issue and Nolder has filed no individual suit, both exceptions to class membership, he falls squarely within the *Coleman* class. Because of his membership in the *Coleman* class, Nolder alleges that the Texas district court abused its

discretion by refusing to vacate its judgment allowing the FmHA to foreclose on his property.

Although the United States offers the bare assertion that Nolder is not a member of the class certified by the district court in *Coleman*, it has filed no brief disputing his allegations in this regard. The government's Motion to Stay, read as a whole, combined with its statement in the September letter that "... we need to go back and proceed with the Administrative steps," may be taken as an implied admission that Nolder is indeed a member of the *Coleman* class and the FmHA violated the terms of the *Coleman* injunction by its motion for summary judgment in the district court in Texas. Since the government's statements in its September letter appear to render Nolder's appeal moot, we conclude that the case should be remanded to the district court with an order to dismiss the government's complaint without prejudice in view of Nolder's membership in the national class certified in *Coleman*.

In *Goff v. Menke*, 672 F.2d 702 (8th Cir.1982), the Eighth Circuit Court of Appeals faced a situation analogous to that at bar. Goff, a member of the class in a pending suit, filed an individual complaint raising the same issue as that raised in the class action. The Eighth Circuit held that the district court erred in granting him relief when the issues in question had been preliminarily resolved and were pending final resolution in a class action to which Goff, as a class member, was a party. *Goff*, 672 F.2d at 704. Moreover, the government's suit in *Nolder*, like that of plaintiff's in *Goff*, jeopardizes two of the primary purposes underlying Fed.R.Civ.P. 23: avoidance of duplicative litigation and inconsistent standards. *Goff*, 672 F.2d at 704. We therefore conclude that the district court abused its discretion in denying Nolder's motion to vacate the judgment, and its decision must therefore be

REVERSED.