649 A.2d 730

**Hiram R. JOHNSTON, Jr., Petitioner,**

v.

**Joseph LEHMAN, Secretary of the Department of Corrections, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 6, 1994.

Decided Nov. 2, 1994.

Hiram R. Johnston, Jr., petitioner, for himself.

Jill A. Devine and M. James Matthews, Asst. Counsels, for respondent.

Before McGINLEY and KELLEY, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Hiram R. Johnston, Jr., petitioner in this action, is an inmate presently in the custody of the Department of Corrections (DOC). At the time this case was originally brought, Johnston was housed in a Restrictive Housing Unit (RHU) at the State Correctional Institution (SCI), Dallas.[1]

Johnston filed a petition for review in our original jurisdiction against Joseph Lehman, Secretary of Corrections, alleging that various policies established by Lehman and his agents violate his constitutional right of access to the courts, as established by *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and its progeny.[2] Johnston's allegations can be grouped into three categories: denial of adequate

1. It is unclear to this court where Johnston is currently confined. Johnston alleges in his motion for summary judgment filed with this court on October 15, 1992 that he was transferred to SCI–Frackville on November 13, 1991. DOC alleges in their brief in opposition to Johnston's motion for summary judgment, filed with this court on April 19, 1994, that Johnston is currently housed at SCI–Retreat. Notwithstanding the court's confusion, where Johnston is currently confined has no bearing on the motion presently before this court for disposition.

2. The U.S. Supreme Court in *Bounds* held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498. The Supreme Court did not mandate access to law libraries for all prisoners, but rather left to the state the choice of "what alternative would 'most easily and economically' fulfill this duty." *Id.* at 819, 97 S.Ct. at 1493.

access to legal materials and/or trained legal assistance; denial of access to non-legal items, such as a typewriter, photocopier and a lamp, which Johnston alleges are necessary in order to allow him to pursue his pending cases; and DOC's alleged retaliatory actions against Johnston.

In support of his principal allegation that the "book paging system"[3] utilized by DOC for access to legal material is impermissible, Johnston cites *Tillery v. Owens,* 719 F.Supp. 1256, 1284–86 (W.D.Pa.1989), *aff'd* (without discussion of this issue), 907 F.2d 418 (3d Cir.1990).

In his petition for review, Johnston is only requesting injunctive relief. Johnston is asking this court to issue an injunction ordering Lehman and his agents to, *inter alia,* implement a plan to insure that Johnston and all RHU prisoners have meaningful access to the courts either through adequate access to the law library or through access to legally trained persons.

In response to the petition for review, DOC, on behalf of Lehman, filed preliminary objections which this court overruled in part and sustained in part. *See Johnston v. Lehman,* 148 Pa.Commonwealth Ct. 98, 609 A.2d 880 (1992). As a result, Johnston's claims regarding denial of a lamp, typewriter and access to a photocopier were dismissed without prejudice to raise these claims in a separate action.

■ On October 15, 1992, Johnston filed with this court a motion for summary judgment. Johnston alleges that he is entitled to judgment as a matter of law based on *Bounds* and its progeny.

In opposition to the motion for summary judgment DOC asserts, *inter alia,* that the motion should be denied because Johnston's claims have been addressed in two federal class action lawsuits and that Johnston's claims are moot. DOC has not filed a cross-motion for summary judgment.

**3.** This system allows inmates in RHU to order up to three books from the law library up to twice a week. The books are then delivered to the inmate, when available. The system also provides a limited case citation and verification service, which is performed by staff as time permits. Johnston alleges that due to staff limitations and the number of requests, delays of several weeks are common.

An entry of summary judgment may be granted only in cases where the right is clear and free from doubt, if there is no issue of material fact, and if the moving party is entitled to judgment as a matter of law. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986). In determining whether to grant a motion for summary judgment, on the critical question of whether there is a genuine issue as to any material fact, the party who brought the motion has the burden of proving that no genuine issue of fact exists. All doubts as to the existence of a genuine issue of a material fact are to be resolved against the granting of the summary judgment. *Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989).

This court believes that Johnston's motion for summary judgment should be denied and further that Johnston's petition for review should be dismissed as moot for the following reasons.

DOC points out to this court that there is currently pending in the United States District Court for the Eastern District of Pennsylvania, a class action lawsuit challenging various conditions of confinement for Pennsylvania prisoners. This class action lawsuit, *Austin v. Pennsylvania Department of Corrections,* No. 90–7497, deals with the claim of access to the courts Johnston presents here and seeks declaratory and injunctive relief. *See* Exhibit A to DOC's brief in opposition to motion for summary judgment. *Austin* specifically governs access to the prison law libraries for prisoners in restricted housing. *Id.* [4]

DOC urges this court to follow federal precedent and decline to consider Johnston's request for injunctive relief pending before this court. DOC, relying on federal law, contends that since the *Austin* class was certified under Federal Rule of Civil Procedure 23(b)(2), Johnston is a member of that class

4. DOC also relies upon *Imprisoned Citizens Union v. Shapp,* No. 70–3053 (E.D.Pa.) to support its argument; however, the *Austin* litigation is sufficient to convince this court that Johnston's claims are encompassed in a federal class action suit.

whether he wishes to be or not; therefore, Johnston cannot pursue injunctive relief in a separate action.

Federal case law holds that individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. The federal courts have so held to prevent waste of judicial effort in deciding the same issues already being litigated in a class action suit in which the individual plaintiff is a member of the class bringing the suit and therefore would be bound by any decision in the case. *See Bryan v. Werner,* 516 F.2d 233 (3d Cir.1975); *McNeil v. Guthrie,* 945 F.2d 1163 (10th Cir. 1991) (Class members may bring individual suits only if they seek equitable relief and their claims are not being litigated within boundaries of class action or if they seek money damages); *Monks v. United States Parole Commission,* 463 F.Supp. 859 (M.D.Pa.1978).

We believe, as do the federal courts, that in the interest of judicial economy and to prevent interference with the ongoing class action suit, that this court should decline to decide individual suits seeking injunctive relief when the claims are being litigated in a class action suit of which the individual plaintiff is a member. It is clear that the claims which Johnston presents before this court are encompassed in the *Austin* litigation.

Accordingly, we deny Johnston's motion for summary judgment.[5]

## ORDER

NOW, this 2nd day of November, 1994, it is hereby ordered that the motion for summary judgment filed on behalf of Hiram J. Johnston, Jr. is denied.

**5.** As pointed out previously in this opinion, DOC did not file a cross-motion for summary judgment nor does DOC even request such relief in its opposition brief. It is clear to this court that DOC should have filed a cross-motion for summary judgment; however, without a cross-motion, this court is prohibited from entering summary judgment in favor of DOC. *See Bensalem Township School District v. Commonwealth,* 518 Pa. 581, 544 A.2d 1318 (1988) (entry of summary judgment for non-moving party was improper).