Hiram R. JOHNSTON, Jr., Petitioner,

v.

Joseph LEHMAN, Secretary of the Department of Corrections, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 22, 1996.

Decided May 23, 1996.

---

Hiram R. Johnston, Jr., Pro Se, Petitioner.

Jill A. Devine, Assistant Counsel, for Respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Hiram R. Johnston, Jr., an inmate in the custody of the Pennsylvania Department of Corrections (DOC), filed a petition for review in our original jurisdiction against Joseph Lehman, Secretary of DOC, seeking injunctive relief to compel Lehman and DOC to provide meaningful access to the courts as required by *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) and its progeny.[1] Presently before this court is DOC's motion for summary judgment.

On August 7, 1991, Johnston filed a petition for review in this court's original jurisdiction. At the time his petition for review was originally filed, Johnston was housed in a Restrictive Housing Unit (RHU) at the Pennsylvania State Correctional Institution (SCI) at Dallas.[2] Johnston alleged that various policies established by Lehman and his agents violated his constitutional right of access to the courts, as established by *Bounds* and its progeny. Johnston's allegations can be grouped into three categories: denial of adequate access to legal materials and/or trained legal assistance; denial of access to non-legal items, such as a typewriter, photocopier and a lamp, which he alleges are necessary in order to allow him to pursue his pending cases; and DOC's alleged retaliatory actions against him.

In support of his principal allegation that the "book paging system"[3] utilized by DOC for access to legal material is impermissible, Johnston cites *Tillery v. Owens,* 719 F.Supp.

1256, 1284–86 (W.D.Pa.1989), *aff'd* (without discussion of this issue), 907 F.2d 418 (3d Cir.1990).

On October 11, 1991, DOC filed preliminary objections which this court overruled in part and sustained in part. *See Johnston v. Lehman,* 148 Pa.Cmwlth. 98, 609 A.2d 880 (1992). As a result, Johnston's claims regarding the denial of a lamp, typewriter and access to a photocopier were dismissed without prejudice to raise these claims in a separate action. *Id.,* 609 A.2d at 882–84.

On October 15, 1992, Johnston filed a motion for summary judgment, alleging that he is entitled to judgment as a matter of law based on *Bounds* and its progeny. *See Johnston v. Lehman,* 168 Pa.Cmwlth. 245, 649 A.2d 730 (1994). In opposition to Johnston's motion, DOC noted that there was a pending class action lawsuit in the United States District Court for the Eastern District of Pennsylvania, *Austin v. Pennsylvania Department of Corrections,* 876 F.Supp. 1437 (1995), in which the class was seeking declaratory and injunctive relief which specifically encompassed Johnston's claim regarding access to the prison law libraries for prisoners in restrictive housing. *Id.,* 649 A.2d at 731.

In denying Johnston's motion for summary judgment, we stated:

Federal case law holds that individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. The federal courts have so held to prevent waste of judicial effort in deciding the same issues already being litigated in a class action suit in which the individual plaintiff is a member of the class bringing the suit and therefore would be bound by any decision in the

---

1. The U.S. Supreme Court in *Bounds* held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498. The Supreme Court did not mandate access to law libraries for all prisoners, but rather left to the state the choice of "what alternative would 'most easily and economically' fulfill this duty." *Id.* at 819, 97 S.Ct. at 1493.

2. Johnston was subsequently transferred to SCI–Frackville and then to SCI–Retreat, where he is presently confined.

3. This system allows inmates in RHU to order up to three books from the law library up to twice a week. The books are then delivered to the inmate, when available. The system also provides a limited case citation and verification service, which is performed by the staff as time permits. Johnston alleges that due to staff limitations and the number of requests, delays of several weeks are common.

case. See *Bryan v. Werner*, 516 F.2d 233 (3d Cir.1975); *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir.1991) (Class members may bring individual suits only if they seek equitable relief and their claims are not being litigated within boundaries of class action or if they seek money damages); *Monks v. United States Parole Commission*, 463 F.Supp. 859 (M.D.Pa.1978).

We believe, as do the federal courts, that in the interest of judicial economy and to prevent interference with the ongoing class action suit, that this court should decline to decide individual suits seeking injunctive relief when the claims are being litigated in a class action suit of which the individual plaintiff is a member. It is clear that the claims which Johnston presents before this court are encompassed in the Austin litigation.

*Id.*, 649 A.2d at 732.

In a footnote, we also noted that

DOC did not file a cross-motion for summary judgment nor does DOC even request such relief in it opposition brief. It is clear to this court that DOC should have filed a cross-motion for summary judgment; however, without a cross-motion, this court is prohibited from entering summary judgment in favor of DOC.

*Id.* at 732 n. 5 (citation omitted).

Thereafter, on December 13, 1995, DOC then filed the instant motion for summary judgment. DOC contends, *inter alia*, that Johnston's petition seeking injunctive relief should be dismissed as moot. We agree.

■■■ An entry of summary judgment may be granted only in cases where the right is clear and free from doubt, if there is no issue of material fact, and if the moving party is entitled to judgment as a matter of law. *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 507 A.2d 323 (1986). In addition, where there are intervening changes in the factual circumstances of a case which eliminate an actual controversy and make it impossible to grant the requested relief, the legal question is rendered moot and the case should be dismissed. *Zemprelli v. Thornburgh*, 78 Pa.Cmwlth. 45, 466 A.2d 1123 (1983).

On January 17, 1995, the U.S. District Court for the Eastern District of Pennsylvania approved the parties' joint request to accept the Settlement Agreement in the class action lawsuit seeking declaratory and injunctive relief in *Austin v. Pennsylvania Department of Corrections*, 876 F.Supp. 1437 (E.D.Pa.1995). The class of plaintiffs in that lawsuit included all persons who are now, or who will be in the future, confined by DOC in a facility other than SCI–Pittsburgh or SCI–Muncy. *Id.* at 1444. The approved Settlement Agreement provides, in pertinent part:

The provisions of the Settlement Agreement in the corrections area cover several discrete issues—access to the courts, excessive force claims against corrections officers, jobs and educational opportunities and sex offender programs. Plaintiffs' counsel made significant advances in three of the four areas. The DOC is required to hire outside paralegals to aid inmates who, because of lack of education or their placement in a heightened security unit, have difficulty in preparing legal filings. The DOC is required to expand the functions of the office which investigates excessive force claims by inmates....

**1. Access to the Courts**

The Settlement Agreement provides that the DOC will hire paralegals (1) to provide legal assistance directly to inmates and (2) to train inmate legal reference aides who will then be permitted to assist inmates in the general population with legal matters. In allocating the paralegals' time, priority will be given to non-English speaking inmates and those inmates who cannot read at the 8th grade level. The DOC has agreed to allow private conferences between inmates and paralegals and, when necessary, to provide translation services through a non-employee translator. Conferences between inmates and inmate legal reference aides will be afforded privacy by the DOC when consistent with institutional space availability and security requirements.

The DOC has agreed to create mini-law libraries in Restricted Housing Units. In addition, on-site photocopy services will be provided at each institution at reasonable charges.

Plaintiffs' counsel considered those to be important improvements but they also concluded that a number of related provisions would, in all probability, be insufficient to provide the requisite level of services. In response, the DOC has agreed to consider suggestions from plaintiffs' counsel once the new program is in operation and data regarding access to law libraries and the courts is available. If the legal assistance provisions of the Settlement Agreement do not prove to be adequate, plaintiffs' counsel have advised the Court they will reinstitute suit on this issue....

*Id.* at 1451–52.

■ Based on the foregoing, it is clear that Johnston is a member of the class of plaintiffs in this federal lawsuit. In addition, it is clear that the Settlement Agreement entered by the plaintiffs in that case encompasses the claim of access to the courts which Johnston presents in the instant action seeking declaratory and injunctive relief. As a result, Johnston is precluded from maintaining the instant individual suit for injunctive and equitable relief. *McNeil; Bryan; Monks. See also, Gillespie v. Crawford,* 858 F.2d 1101 (5th Cir.1988); *United States v. Nolder,* 749 F.2d 1128 (5th Cir.1984); *Goff v. Menke,* 672 F.2d 702 (8th Cir.1982). The U.S. District Court's acceptance of the Settlement Agreement in *Austin* has rendered the instant action moot. *Zemprelli.*

Accordingly, we grant the DOC's motion for summary judgment and dismiss Johnston's petition for review.

### ORDER

NOW, this 23rd day of May, 1996, respondent's motion for summary judgment is granted and petitioner's petition for review is dismissed.