# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nadia Mary Metroka,           :
           Appellant       :
        :
        v.            :    No. 1512 C.D. 2022
        :    Submitted: June 7, 2024
Lower Moreland Township Police    :
Department, Kelly E. Heist,         :
individually, and as officer/agent for   :
Lower Moreland Township Police    :
Department, Google, Abington      :
Memorial Hospital, Capital Blue     :

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                   **HONORABLE MATTHEW S. WOLF**, Judge
                   **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: July 23, 2024**

Nadia Mary Metroka (Appellant), pro se,[1] appeals from an Order of the Court of Common Pleas of Montgomery County (trial court) entered November 29, 2022, denying Appellant's "Request for Emergency Injunction" (Injunction Motion). Appellant argues the trial court erred in denying her Injunction Motion, as the request for injunctive relief was brought pursuant to the Criminal History Record Information Act (CHRIA), 18 Pa.C.S. §§ 9101-9183. Lower Moreland Township Police Department (Police Department) and Kelly E. Heist, individually and as an officer/agent for Police Department (Officer Heist) (together, Township Appellees) respond that the matter is moot because the relief Appellant sought in her Injunction

---

[1] Appellant is an attorney in Florida. (Complaint ¶ 7.)

Motion, removal of what Appellant claimed was a defamatory post on a website, cannot be obtained because the post has since been removed. We agree and accordingly dismiss the appeal as moot.

## I. BACKGROUND

On August 19, 2022, Appellant filed a Complaint[2] in the trial court against Police Department and Officer Heist, averring as follows.[3] Appellant was arrested on various charges on June 21, 2022, after a disagreement with her father, which resulted in him calling the police. (Complaint ¶¶ 20-22.) One month later, a website called Montgomery.CrimeWatchPa.com posted information about the arrest (Crime Watch Post),[4] which Appellant called "false and defamatory." (*Id.* ¶ 23.) In Count I of the Complaint, Appellant asserted a claim of defamation against Township

---

[2] Both a Reproduced Record and Supplemental Reproduced Record were filed by the parties for which there is some overlap. The Complaint appears in the Reproduced Record beginning at page 7 and the Supplemental Reproduced Record beginning at page 6a, though the version appearing in the Reproduced Record does not include all exhibits that were originally appended thereto.

The Court notes that neither the Reproduced Record nor the Supplemental Reproduced Record complies with Rule 2173 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2173, requiring each record to be numbered in Arabic figures followed by a small "a" or "b," respectively. The Reproduced Record here only utilizes Arabic figures, whereas the Supplemental Reproduced Record utilizes a small "a" instead of "b." For convenience, we cite to each as paginated by the parties.

[3] Appellant also named Google, Abington Memorial Hospital, and Capital Blue in her Complaint as defendants. Some of the claims against Township Appellees overlap with claims against Google, though Google has not participated in this action, including before the trial court. Abington Memorial Hospital filed a letter stating it would not be participating in this appeal as it does not involve any issues regarding the hospital, which was sued for negligence in the Complaint based on the care of Appellant's mother, which Appellant asserts caused Appellant harm. The claims against Capital Blue also relate to the alleged failure to provide insurance coverage for Appellant's mother, which Appellant asserts caused Appellant harm. As this appeal pertains to the counts against Township Appellees, we will focus our discussion on those claims.

[4] Screenshots of the Crime Watch Post were appended to the Complaint as Exhibit C and are in the Supplemental Reproduced Record beginning at page 31a.

Appellees and requested damages and an injunction. (*Id.* ¶¶ 32-37, Count I Wherefore Clause.) In Count II, Appellant asserted a claim of fraud against Township Appellees and sought damages. (*Id.* ¶¶ 38-45, Count II Wherefore Clause.) Count III asserted a claim of publicity to a private matter against Township Appellees and sought damages and an injunction.[5] (*Id.* ¶¶ 46-54, Count III Wherefore Clause.) Appellant asserted a claim of negligent infliction of emotional distress (NIED) in Count IV and sought damages and an injunction.[6] (*Id.* ¶¶ 56-59, Count IV Wherefore Clause.) In Count V of the Complaint, Appellant asserted a claim of intentional infliction of emotional distress (IIED) and sought damages and an injunction.[7] (*Id.* ¶¶ 60-62, Count V Wherefore Clause.) Count VI asserted a negligence claim against Township Appellees and sought damages and an injunction. (*Id.* ¶¶ 63-67, Count VI Wherefore Clause.) In Count VII, Appellant asserted a claim of negligence per se against Officer Heist, individually and on behalf of the Police Department, for violating Section 9106 of CHRIA, 18 Pa.C.S. § 9106, and sought damages and an injunction. (*Id.* ¶¶ 68-72, Count VII Wherefore Clause.) In Count VII.2,[8] Appellant asserted a claim of gross negligence against all defendants and sought damages and an injunction. (*Id.* ¶ 73, Count VII.2 Wherefore Clause.) In Count VIII, Appellant asserted a claim of tortious interference of

---

[5] Count III was also asserted against Google.

[6] Appellant does not identify against which defendants this claim was asserted, though presumably it includes Township Appellees as she avers it was their "outrageous and extreme conduct" in posting the Crime Watch Post that has caused Appellant's emotional distress. (Complaint ¶ 58.)

[7] Count V also did not identify against whom the claim was made. Township Appellees, however, were again referenced as the cause of Appellant's mental, emotional, physical, and spiritual distress. (Complaint ¶ 62.)

[8] The Complaint contained some counts that were numbered the same. In those situations, the Court refers to the second such count by appending a ".2" thereto. For example, "Count VII.2" represents the second count labeled in the Complaint as "Count VII."

contractual obligation against Township Appellees and sought damages and an injunction.[9] (*Id.* ¶¶ 74-81, Count VIII Wherefore Clause.) In Count IX,[10] Appellant asserted Township Appellees violated 42 U.S.C. § 1983 (Section 1983) and sought damages and an injunction. (*Id.* ¶¶ 82-84; Count IX Wherefore Clause.) Count XI[11] asserted a claim of copyright and trademark infringement against Township Appellees and sought a fine of $120,000, damages, and an injunction.[12] (*Id.* ¶¶ 89-90; Count XI Wherefore Clause.)[13]

Township Appellees filed Preliminary Objections, asserting the Police Department was not a proper party to the action, Township Appellees were immune from tort liability, and demurrers as to the Section 1983, defamation, fraud, publicity to a private matter, NIED, IIED, negligence, negligence per se, gross negligence, tortious interference, and copyright/trademark claims.[14]

---

[9] Count VIII was also asserted against Google.

[10] The Complaint labels this as Count VIV.

[11] Count X, a claim for defamation per se, was asserted solely against Google. (Complaint ¶¶ 85-88.)

[12] This claim was also asserted against Google.

[13] The remaining claims were asserted against other defendants: Count XII for negligence against Google, (Complaint ¶¶ 91-95); Count XII.2 for negligence against Abington Memorial Hospital, (*id.* ¶¶ 96-99); and Count XIV for negligence against Capital Blue, (*id.* ¶¶ 100-03). There is no Count XIII.

[14] The Preliminary Objections appear in the Supplemental Reproduced Record at page 37a. In response to the Preliminary Objections, Appellant filed a "Response to [Township Appellees'] Seeking to Strike [Township Appellees'] Objection for Lack of Merit, Frivolousness, and Failure to State a Claim" (Response to Preliminary Objections), stating "[t]he subject cause of action is a civil rights action," which is to be liberally construed and to which immunity does not apply. (Supplemental Reproduced Record (S.R.R.) at 54a.) Appellant responded her Section 1983 action was based on "violations of state tort law," as "outlined in the [C]omplaint." (*Id.* at 55a.) Finally, she alleged Township Appellees' Preliminary Objections were "not made in good faith" but rather for purposes of delay and harassment. (*Id.*) Appellant's Response to Preliminary Objections was stricken without prejudice for failure to comply with local rules related to a certificate of service on November 15, 2022. (*Id.* at 97a.)

4

On October 18, 2022, while the Preliminary Objections were still pending, Appellant filed the Injunction Motion.[15] Appellant sought an injunction against Township Appellees and their counsel,[16] again asserting their unwillingness to remove the Crime Watch Post that Appellant considered false, defamatory, and harmful to her reputation and profession as a solo practitioner of law. Appellant requested the trial court to enjoin the continued publication of the Crime Watch Post. (Injunction Motion, Wherefore Clause.) Township Appellees opposed the Injunction Motion,[17] and a hearing was scheduled. Before the hearing occurred,[18] the trial court, on November 23, 2022, issued an order sustaining Township Appellees' Preliminary Objections and dismissing the claims against them.[19] (Supplemental Reproduced Record (S.R.R.) at 128a-29a.)

On November 28, 2022, the day of the scheduled hearing on the Injunction Motion, Appellant sought to supplement her Injunction Motion (Motion to

---

[15] The Injunction Motion is in the Reproduced Record beginning at page 37 and the Supplemental Reproduced Record beginning at page 60a.

[16] Appellant had days earlier filed a "Request for Leave to File Amended Complaint in the Event that [Counsel for Township Appellees] has No Control Over His Clients, or In the Alternative Wishes to Continue to Assist His Clients[] to Engage in Reckless Disregard for the Law" (Motion to Amend), in which Appellant alleged Township Appellees continued to refuse to remove the Crime Watch Post and, as a result, Appellant would like to amend her Complaint to add a claim against their Counsel for defamation and other damages. (Motion to Amend ¶¶ 1-5.) Appellant also requested the trial court to appoint a personal injury attorney to represent her or her parents "in the event this case becomes a wrongful death case . . . ." (*Id.* ¶ 14, Wherefore Clause.) The Motion to Amend is in the Supplemental Reproduced Record beginning at page 56a. The Motion to Amend was still pending at the time Appellant filed her Injunction Motion. Counsel for Township Appellees was, therefore, not a party to the action to be subject to any type of injunction.

[17] A copy of Township Appellees' Response to the Injunction Motion is in the Supplemental Reproduced Record beginning at page 72a.

[18] The hearing was first scheduled for October 2022, but was rescheduled numerous times. (S.R.R. at 79a, 82a, 85a, 87a, 90a, 93a, 96a.)

[19] As to Count IX, the trial court sustained the Preliminary Objection without prejudice for Appellant to file an amended pleading setting forth her claim more specifically. (S.R.R. at 128a-29a.) It does not appear from a review of the record that Appellant did so.

5

Supplement).[20]  Therein, Appellant quoted Section 9106(b) of CHRIA, which restricts the disclosure of investigative information by a criminal justice agency, Section 9106(g) of CHRIA, which provides the penalties for a violation of CHRIA, and Section 9183 of CHRIA, 18 Pa.C.S. § 9183, which provides for civil actions for injunctive relief and damages for violations of CHRIA.[21]  (Motion to Supplement ¶¶ 1-2, 4.)  She further alleged the Crime Watch Post "speaks for itself." (*Id.* ¶ 2.)

---

[20] The Motion to Supplement is in the Reproduced Record beginning at page 43 and the Supplemental Reproduced Record beginning at page 131a.  On the same date, Appellant filed a Motion for Reconsideration, stating she "requests clarification and consideration as to how a showing that the police violated state law is not a civil rights action?  Specifically, is it this court's contention that the violation of state law does not violate a person's civil rights?" (S.R.R. at 135a.)  It is unclear from what order Appellant sought reconsideration, though, presumably it is the trial court order sustaining Township Appellees' Preliminary Objections.  Township Appellees filed  a response to the reconsideration request, also indicating their belief that the order for which reconsideration was being sought was the order sustaining their Preliminary Objections.  (*Id.* at 144a.)  Argument on that reconsideration request was subsequently scheduled, (*id.* at 143a), but Appellant withdrew the request, and the argument was cancelled, (*id.* at 150a).

[21] Specifically, Section 9106(g) provides:

Any person, including any agency or organization, who violates the provisions of this section shall be subject to the administrative penalties provided in section 9181[, 18 Pa.C.S. § 9181,] (relating to general administrative sanctions) and the civil penalties provided in section 9183[, 18 Pa.C.S. § 9183,] (relating to civil actions) in addition to any other civil or criminal penalty provided by law.

18 Pa.C.S. § 9106(g).

Section 9183 further provides:

(a) Injunctions.--The Attorney General or any other individual or agency may institute an action in a court of proper jurisdiction against any person, agency or organization to enjoin any criminal justice agency, noncriminal justice agency, organization or individual violating the provisions of this chapter or to compel such agency, organization or person to comply with the provisions of this chapter.
(b) Action for damages.--
    (1) Any person aggrieved by a violation of the provisions of this chapter or of
    the rules and regulations promulgated under this chapter, shall have the

**(Footnote continued on next page…)**

At the hearing on the Injunction Motion held that same day, Appellant argued that in addition to common law defamation, Township Appellees were in violation of Section 9106(b) of CHRIA, which entitled her to an injunction. (Transcript (Tr.) at 3-4, S.R.R. at 153a-54a.) In addition, Appellant called Officer Heist, as on cross-examination, who testified as to the events surrounding Appellant's arrest. Officer Heist also testified that, to her knowledge, Crime Watch obtains information from police reports, which it then posts, although not always verbatim and over which she exercises no control. (Tr. at 17-18, S.R.R. at 167a-68a.)

By Order exited November 29, 2022, the trial court denied Appellant's Injunction Motion. (S.R.R. at 136a.) Appellant sought reconsideration of that Order, (*id.* at 138a-41a, Reproduced Record (R.R.) at 53-56), which the trial court denied by order exited December 1, 2022, (S.R.R. at 142a). In its subsequently issued opinion, the trial court explains Appellant's Complaint was dismissed after it sustained preliminary objections and, therefore, without an underlying equity complaint, Appellant was ineligible for a preliminary injunction. (Opinion (Op.) at 3.) The trial court further explains Police Department is not a proper defendant as it is not a political subdivision. (*Id.*) In addition, the trial court stated that even if Police Department was properly named, it and Officer Heist are immune under

---

substantive right to bring an action for damages by reason of such violation in a court of competent jurisdiction.

(2) A person found by the court to have been aggrieved by a violation of this chapter or the rules or regulations promulgated under this chapter, shall be entitled to actual and real damages of not less than $100 for each violation and to reasonable costs of litigation and attorney's fees. Exemplary and punitive damages of not less than $1,000 nor more than $10,000 shall be imposed for any violation of this chapter, or the rules or regulations adopted under this chapter, found to be willful.

18 Pa.C.S. § 9183.

7

Section 8541 of the Judicial Code, which is commonly referred to as the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541. (*Id.* at 4.) Finally, because one of the elements of a preliminary injunction is that granting one will not adversely affect the public interest, the trial court reasoned that the public's interest in knowing about criminal arrests would be harmed, which is why CHRIA provides for the release of this type of information. (*Id.*)

Appellant filed a timely notice of appeal from the trial court's Order.

## II. PARTIES' ARGUMENTS

On appeal,[22] Appellant argues dissemination of investigative information about her arrest violates CHRIA and, as such, she is entitled to injunctive relief under Section 9106(g) of CHRIA. According to Appellant, CHRIA does not permit a court to weigh the public's interest when ruling on an injunction request, as the trial court did. Appellant also disputes the trial court's finding that the information released was police blotter and/or a press release. According to Appellant, CHRIA's definition of "police blotter" should be void for vagueness because the chronological listing of arrests referenced therein is qualified by the phrase, "which may include, but is not limited to," making it "unclear what this means and what is being

---

[22] An appellate court's review of a trial court's order granting or denying preliminary injunctive relief is for abuse of discretion, which is "highly deferential." *Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003). Importantly,

> we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court].

*Id.* (quoting *Roberts v. Bd. of Dirs. of Sch. Dist. of City of Scranton*, 341 A.2d 475, 478 (Pa. 1975)).

referenced." (Appellant's Brief (Br.) at 9 (quoting Section 9102 of CHRIA, 18 Pa.C.S. § 9102).) Even if the "police blotter" definition was not void as vague, Appellant asserts it would not apply here as the disseminated information was not a chronological list of arrests or made contemporaneous with the incident. In Appellant's view, the information does not constitute a press release, which is undefined by CHRIA. Appellant contends she is not a public figure, wanted by law enforcement, or a danger to the community, which is when press releases are typically issued. To the extent the trial court found there was no longer an underlying action upon which the injunction could be based, Appellant argues CHRIA creates a separate cause of action from state tort claims. Accordingly, she asks the Court to reverse the trial court's order and remand the matter for further proceedings.

Township Appellees argue the appeal of the denial of the preliminary injunction should be dismissed as moot because the Crime Watch Post that was the subject of the Injunction Motion has been removed. Since the post has been removed, Township Appellees posit there is no other relief that can be granted, rendering this matter moot. Township Appellees also dispute Appellant's claim that the injunctive relief she requested in her Injunction Motion was based upon CHRIA. They contend Appellant's Complaint sounded in defamation only, and the Injunction Motion similarly claimed the Crime Watch Post was "false and defamatory," although Township Appellees acknowledge Appellant raised CHRIA at the hearing on the Injunction Motion. Accordingly, Township Appellees maintain the alleged CHRIA violation was waived. Notwithstanding mootness or waiver, Township Appellees assert the trial court properly denied the preliminary injunction upon concluding Appellant would not prevail on the merits of her underlying Complaint,

9

which had been dismissed as to Township Appellees. Moreover, they argue Appellant did not establish Township Appellees were responsible for the Crime Watch Post. Further, Township Appellees argue that the trial court did not err in finding Police Department was not a proper party, that Township Appellees were immune from suit, or that granting an injunction would harm the public's interest in knowing about criminal activity in the community. Because Appellant did not meet her burden of satisfying the elements for a preliminary injunction, Township Appellees argue the trial court properly denied issuance of the same. Assuming mootness and waiver do not apply, Township Appellees assert the Crime Watch Post does not violate CHRIA because it is a form of press release intended to provide the public with information about Appellant's arrest and, as such, is not protected by CHRIA. Township Appellees contend Appellant uses an "antiquated definition" of press release, which cannot withstand common sense especially in the digital age where news is disseminated online. (Township Appellees' Br. at 20.)[23]

Appellant responds that the cases upon which Township Appellees rely for press releases, incident reports, or police blotters to be public records are distinguishable because the Crime Watch Post at issue in this matter is based entirely on hearsay and constitutes witness statements that are exempt from disclosure under CHRIA. Appellant further replies that "it is clear from the record . . . that Appellant's request for an injunction was requested pursuant to CHRIA," and nothing in CHRIA requires an action separate from an injunction request. (Appellant's Reply Br. at 7.) With respect to mootness, Appellant does not contest the Crime Watch Post was removed but argues this matter is not moot because she has not been compensated for the harm caused by the alleged violation of CHRIA

---

[23] Township Appellees also seek, "out of an abundance of caution," to strike what they deem "impertinent" matter within Appellant's brief. (Township Appellees' Br. at 22-23.)

10

and to be entitled to those damages, there must first be an adjudication of a violation, which cannot be done if she cannot appeal the trial court's determination that there was no such violation. Stated another way, the trial court's Order "prevents Appellant from being able to seek the damages that she would otherwise be entitled to pursuant to [] CHRIA []." (*Id.* at 10.) Furthermore, according to Appellant, Township Appellees are not entitled to immunity for a CHRIA violation, as police departments are expressly included in CHRIA's definition of criminal justice agency. Moreover, Appellant asserts that CHRIA applies to the dissemination of investigative information and the Crime Watch website states the information contained thereon "is the specific and unquestionable property of the appropriate law enforcement agency that maintains, manages, and administers content." (*Id.* at 13-14 (quoting R.R. at 35.) Finally, Appellant argues that prioritizing public access to police reports over an individual's privacy interest presupposes the information contained in those reports is accurate.

## III. DISCUSSION

Before turning to the merits, we must first address a threshold issue: whether the instant appeal of an Order denying a preliminary injunction seeking the removal of the Crime Watch Post is moot based upon the removal of that post. Courts generally will not decide moot cases. *Costa v. Cortes*, 142 A.3d 1004, 1016 (Pa. Cmwlth. 2016). It is well established that courts "do not render decisions in the abstract or offer purely advisory opinions." *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 659 (Pa. 2005). Stated another way, our courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Mistich v. Pa. Bd. of Prob. & Parole*, 863

11

A.2d 116, 121 (Pa. Cmwlth. 2004) (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)). "[A]n actual case or controversy must be extant at all stages of review, not merely at the time the [appeal] is filed" to avoid mootness. *Pap's A.M. v. City of Erie*, 812 A.2d 591, 599-600 (Pa. 2002) (citation omitted). An intervening change in facts or the law may render an issue moot. *In re Gross*, 382 A.2d 116, 119-20 (Pa. 1978). Furthermore, "[i]t is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000). "Stated differently, an issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Chruby v. Dep't of Corr.*, 4 A.3d 764, 770 (Pa. Cmwlth. 2010) (internal quotation marks and brackets omitted); *see also St. Clair Mem'l Hosp. v. Dep't of Health*, 691 A.2d 1040, 1042 (Pa. Cmwlth. 1997) ("Judgments or decrees to which no effect can be given will not be entered by the courts.").

Here, it is undisputed that the Crime Watch Post has been removed. The sole relief Appellant sought in her Injunction Motion was "an emergency injunction enjoining the . . . Police [D]epartment and [its] counsel from continuing to publish the defamatory article to the worldwide web." (Injunction Motion, Wherefore Clause.) Thus, it is impossible for this Court to grant Appellant relief because she already obtained the relief she sought in the Injunction Motion. *See, e.g.*, *Zemprelli v. Thornburgh*, 466 A.2d 1123, 1124-25 (Pa. Cmwlth. 1983) (quo warranto action seeking removal of revenue secretary from office was moot based on his

12

resignation).[24]  Accordingly, we dismiss Appellant's appeal of the trial court's Order denying her a preliminary injunction as moot.

_____
**RENÉE COHN JUBELIRER,** President Judge

Judge Fizzano Cannon did not participate in the decision in this case.

_____

[24] Although there are exceptions to the mootness doctrine, Appellant does not allege, nor does the Court discern, any of those exceptions applying here.  Further, Appellant asserts the matter is not moot because, if a violation was established, she would be entitled to damages.  However, to be entitled to such damages, Appellant needed to assert a separate claim for a violation of CHRIA, which she did not.  In Count VII, Appellant did assert a negligence per se claim based on an alleged violation of Section 9106 of CHRIA, but no standalone CHRIA claim was made.  Moreover, even if Count VII was sufficient to constitute a claim for such damages under CHRIA, Appellant still would not be entitled to such relief because the trial court dismissed that claim along with all other claims against Township Appellees.  While Appellant may assert that dismissal was in error, that matter is not currently before the Court, only Appellant's appeal of the denial of a preliminary injunction.  *See Summit Towne Centre*, 828 A.2d at 1000 (when reviewing an order involving a preliminary injunction, an appellate court "do[es] not inquire into the merits of the controversy").  Once all claims against all parties are resolved, Appellant can pursue appellate review of the trial court's order sustaining the Preliminary Objections of Township Appellees and dismissal of her claims against them.  In the meantime, no underlying action existed upon which the trial court could issue any order enjoining Township Appellees.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nadia Mary Metroka,                   :
                        Appellant     :
                                      :
            v.                        :   No. 1512 C.D. 2022
                                      :
Lower Moreland Township Police        :
Department, Kelly E. Heist,           :
individually, and as officer/agent for :
Lower Moreland Township Police        :
Department, Google, Abington          :
Memorial Hospital, Capital Blue       :


# **O R D E R**


    **NOW**, July 23, 2024, the appeal filed by Nadia Mary Metroka is **DISMISSED AS MOOT**.


 

_____
**RENÉE COHN JUBELIRER,** President Judge