IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alpha Bah, : 
                    Petitioner : 
                                    : 
          v.                     : No. 158 M.D. 2023
                                      : Submitted: July 5, 2024
Pennsylvania Department of : 
Corrections and Pennsylvania : 
Board of Probation, : 
                    Respondents : 


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED: October 10, 2024

The Pennsylvania Department of Corrections (DOC) and the Pennsylvania Board of Probation (Board)[1] have filed preliminary objections (POs) to the amended petition for review (Petition) filed by Alpha Bah (Inmate), *pro se*. The Petition sought an order compelling the DOC and the Board to process Inmate's request for transfer to a prison in the state of New Jersey. Upon review, we learned that after Inmate filed the Petition, he was transferred to New Jersey. Accordingly, we dismiss the Petition as moot.

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a)

Inmate's Petition avers the Board released Inmate on parole on July 20, 2015, for his Pennsylvania criminal case, but subsequently he was arrested and incarcerated in Pennsylvania on March 28, 2022, in connection with a New Jersey criminal case. Petition, ¶¶ 5-6. Inmate alleges he waived extradition and received pre-trial release in New Jersey, but he returned to Pennsylvania DOC custody on May 5, 2022, "to be detained by the Board pending the disposition of the outstanding New Jersey charges." *Id.*, ¶¶ 6-7. Inmate then contacted numerous DOC employees and requested a transfer back to New Jersey. *See id.*, ¶¶ 8-10.

Inmate further alleges that on September 22, 2022, New Jersey revoked his pre-trial release status "to create a detainer that would allow him to seek transfer to New Jersey." *Id.*, ¶ 11. After multiple attempts to be transferred to New Jersey were not successful, Inmate filed the Petition. *Id.*, ¶¶ 12-15. The Board filed POs alleging improper service, lack of jurisdiction, insufficiency due to illegibility, and legal insufficiency. The DOC also filed POs alleging insufficient pleadings due to illegibility and legal insufficiency.[2]

Upon review, this Court discovered the DOC's inmate/parolee locator showed Inmate was incarcerated in a New Jersey prison. *See Inmate/Parolee Locator*, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (visited July 24, 2024). As a result, on August 2, 2024, this Court issued a memorandum and order directing Inmate, the DOC, and the Board to "file an explanation and notify the Court why this action should not be dismissed as moot" within 20 days. The Board promptly filed a response stating it "has confirmed that [Inmate] was transferred to New Jersey in a temporary status as of March 25, 2024." Board's Response to Rule to Show Cause, ¶ 1. Because he was already in New Jersey, the Board argued this Court should

_____

[2] Due to our resolution of this matter, we need not further detail or evaluate the DOC's or the Board's POs.

2

dismiss the Petition as moot. *Id.*, ¶¶ 2-3. Neither the DOC nor Inmate filed a response to this Court's order.

"Under the mootness doctrine, an actual case or controversy must exist at all stages of review, not just when the [petition for review] is filed." *Finn v. Rendell*, 990 A.2d 100, 104-05 (Pa. Cmwlth. 2010). "The existence of a case or controversy requires a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication . . . ." *Id.* at 105 (internal citation and quotation marks omitted). Absent an actual controversy, any opinion this Court renders would be purely advisory, which is not permitted. *Buehl v. Beard*, 54 A.3d 412, 419 (Pa. Cmwlth. 2012). "[W]here there are intervening changes in the factual circumstances of a case which eliminate an actual controversy and make it impossible to grant the requested relief, the legal question is rendered moot . . . ." *Johnston v. Lehman*, 676 A.2d 1287, 1289 (Pa. Cmwlth. 1996). Further, this Court may *sua sponte* raise the issue of mootness. *Battiste v. Borough of E. McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014).

Because Inmate was already incarcerated in a New Jersey prison,[3] there is no ongoing case or controversy, and any order directing the DOC and the Board to process Inmate's request for a transfer to New Jersey would be without effect. As a result, we dismiss Inmate's Petition as moot.

_____
STACY WALLACE, Judge

---

[3] On August 29, 2024, the DOC's inmate/parolee locator showed Inmate has been returned to a Pennsylvania prison. *See Inmate/Parolee Locator*, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (visited August 29, 2024).

3

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alpha Bah,               :
               Petitioner   :
                             :
        v.               :  No.  158 M.D. 2023
                             :
Pennsylvania Department of   :
Corrections and Pennsylvania  :
Board of Probation,         :
            Respondents  :

# O R D E R

AND NOW, this 10th day of October 2024, Alpha Bah's amended petition for review is **DISMISSED** as moot.

_____
STACY WALLACE, Judge